99-00886 Kinnard v Carnahan on rehearing.wpd



No. 04-99-00886-CV



Kevin Michael KINNARD,


Appellant



v.



Brooke CARNAHAN, et al.,


Appellees



From the 218th Judicial District Court, Karnes County, Texas


Trial Court No. 99-02-00024-CVK


Honorable Ron Carr, Judge Presiding



Opinion by: Tom Rickhoff, Justice 

Concurring Opinion by: Alma L. López, Justice


Sitting: Tom Rickhoff, Justice 

 Alma L. López, Justice

 Catherine Stone, Justice 


Delivered and Filed: June 7, 2000


MOTION FOR REHEARING DENIED; DISMISSED FOR LACK OF JURISDICTION


 The opinions and judgment of March 29, 2000 are withdrawn and the following opinions and
judgment are substituted therefor. The appellant's motion for rehearing is denied. 

 We must decide whether a pro se prisoner-appellant's notice of appeal may be deemed timely
filed if it was timely deposited in a prison mail receptacle. We conclude that depositing a notice of
appeal in a prison mail receptacle does not constitute delivery to the proper clerk, nor is it sufficient
under the "mailbox rule." We therefore dismiss this appeal for lack of jurisdiction. 

Procedural Background 


 On October 13, 1999, the trial court signed an order granting summary judgment against
Kevin Michael Kinnard, who is incarcerated by the Texas Department of Criminal Justice. The
order contains a "Mother Hubbard" clause, denying all relief not expressly granted. Thus, the order
is a final judgment. See Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993). On October 27, 1999,
Kinnard filed a request for findings of fact and conclusions of law. On December 6, 1999, a copy
of Kinnard's notice of appeal was filed in this court. The notice arrived in an envelope that was
postmarked on December 3, 1999. We sent a copy of the notice to the trial court clerk, who filed
it on December 17, 1999.

Relevant Rules


 Notices of appeal should be filed with the trial court clerk. See Tex. R. App. P. 25.1(a). But
if a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been
filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial
court clerk a copy of the notice. See id. 

 A notice of appeal is generally due within thirty days after a final judgment is signed. See
Tex. R. App. P. 26.1. A notice of appeal is generally due within ninety days after a final judgment
is signed if certain post-judgment motions, such as a request for findings of fact and conclusions of
law, have been filed. See Tex. R. App. P. 26.1(a). But a request for findings of fact and conclusions
of law does not extend the time for filing a notice of appeal from an order granting summary
judgment. See IKB Indus. v. Pro-Line Corp., 938 S.W.2d 440, 443 (Tex. 1997). 

 If a notice of appeal is not received within the time provided in Rule 26.1, it may still be
deemed timely pursuant to the "mailbox rule." Under this rule, a notice of appeal is considered
timely if it was sent by United States mail, was deposited in the mail on or before the filing deadline,
and was received within ten days after the filing deadline. See Tex. R. App. P. 9.2(b)(1); Tex. R.
Civ. P. 5. A legible postmark affixed by the United States Postal Service is "conclusive proof" of
the date of mailing. Tex. R. App. P. 9.2(b)(2)(A). But see Tex. R. Civ. P. 5 (providing that a
postmark is "prima facie" evidence of the date of mailing). 

 Additionally, an appellant may obtain an extension of time to file the notice of appeal if the
notice is filed within fifteen days after the deadline for filing. See Tex. R. App. P. 26.3; Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). But "once the period for granting a motion for
extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's
jurisdiction." Id. 

Discussion


 Applying these rules here, Kinnard's notice of appeal was due within thirty days after the
order granting summary judgment was signed, i.e., November 12, 1999. We deem Kinnard's notice
of appeal as having been filed on December 6, 1999--the date it was received by this court. Kinnard
cannot benefit from Rule 26.3 because his notice was filed more than fifteen days after the deadline,
and he cannot benefit from the mailbox rule because the notice was postmarked on December 3,
1999. We therefore ordered Kinnard to show cause why this appeal should not be dismissed for lack
of jurisdiction.

 In his response, Kinnard points out the difficulties and uncertainties faced by prisoners in
ensuring that their legal mail is timely deposited in the mail. As a prisoner, he is dependent on the
prison authorities to get his mail into the hands of the Postal Service. Kinnard claims that the notice
of appeal we received on December 6 was actually the second notice of appeal that he attempted to
file. He states that he placed his first notice of appeal in the prison mail receptacle on November 2,
1999, but he does not know what became of it.(1) When he received no indication that this court had
received the notice of appeal, he became concerned and filed the second notice. 

 The federal courts have recognized and attempted to remedy the difficulties faced by pro se
prisoner-appellants. The Supreme Court has stated: 

 Unskilled in law, unaided by counsel, and unable to leave the prison, [a pro se
prisoner's] control over the processing of his notice necessarily ceases as soon as he
hands it over to the only public officials to whom he has access--the prison
authorities--and the only information he will likely have is the date he delivered the
notice to those prison authorities and the date ultimately stamped on his notice. 


Houston v. Lack, 487 U.S. 266, 271-72 (1988). Accordingly, in federal courts, a pro se prisoner's
notice of appeal is deemed filed on the date it is delivered to the prison authorities for forwarding
to the trial court clerk. See id. at 270; Fed. R. App. P. 4(c)(1), 25(a)(2)(C). Kinnard requests us to
apply the federal rule in this case. We believe, however, that we are not at liberty to do so.

 The Texas Supreme Court instructs us that rules should be construed "reasonably but
liberally, when possible, so that the right to appeal is not lost by creating a requirement not
absolutely necessary from the literal words of the rule." Jamar v. Patterson, 868 S.W.2d 318, 319
(Tex. 1993). But we are forbidden "to alter the time for perfecting an appeal in a civil case." Tex.
R. App. P. 2. 

 As noted above, an appeal is perfected when a written notice of appeal is "filed" with the trial
court clerk or the appellate court clerk. See Tex. R. App. P. 25.1(a). A document is "filed" by
"delivering" it to the clerk of the court or a judge of the court. See Tex. R. App. P. 9.2(a). The Texas
Supreme Court has consistently held that a document is "filed" when it is "tendered to the clerk, or
otherwise put under the custody or control of the clerk." Jamar, 868 S.W.2d at 319. It would be
inconsistent with the literal words of Rule 9.2(a), as well as with Jamar, to hold that a document is
filed with the trial or appellate clerk when it is delivered to the prison authorities.

 Similarly, the language of Rule 9.2(b) makes clear that a prison mail receptacle is not a
"mailbox" for purposes of the mailbox rule. The Rule expressly applies only if the document was
sent by the United States Postal Service and "deposited in the mail on or before the last day for
filing." Tex. R. App. P. 9.2(b)(1). A United States Postal Service postmark, receipt, or certificate
of mailing constitutes conclusive proof of the "date of mailing." Tex. R. App. P. 9.2(b)(2). 

 Because we cannot alter the time for perfecting an appeal in a civil case, see Tex. R. App. P.
2, we are unable to apply the federal approach to notices of appeal by pro se prisoners. But see 
Verburgt, 959 S.W.2d at 617 (wherein the Texas Supreme Court "implied" a motion for extension
of time to file a notice of appeal, even though no such motion was in fact filed). Although the Texas
Supreme Court has recognized the dilemma faced by pro se prisoner-appellants, the court has not
adopted a procedure to resolve the dilemma. See Gomez v. Texas Dep't of Criminal Justice, 896
S.W.2d 176, 176 n.1 (Tex. 1995). We urge the court to do so.

 This appeal is dismissed for lack of jurisdiction.

 Tom Rickhoff, Justice 

PUBLISH


1. As used in this opinion, a "prison mail receptacle" is not synonymous with a United States Postal Service mail
receptacle. Rather, it is a container where prisoners place their mail for screening and further action by the prison
authorities. In his unsworn response, Kinnard details the various procedures and personnel that a piece of prison mail
must journey through before ultimately reaching the United States Postal Service.