02-10-330-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00330-CV

 

 


 
 
 Steven Charles Russo
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Kelly Goodness, M.D.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 362nd
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Steven Charles Russo appeals the trial court’s order granting Dr. Kelly
Goodness’s motion for summary judgment.  We will reverse the trial court’s
judgment.

Background
Facts

          The
underlying cause of action concerns allegedly libelous statements that Goodness
made regarding Russo’s state of mental health.  The statements were in an
affidavit executed by Russo’s former trial counsel in a criminal case, Derek
Adame.  Russo had filed a post-conviction writ of habeas corpus, arguing
ineffective assistance by Adame because Adame had refused to argue an insanity
defense in Russo’s criminal case.  Russo believed that his high blood pressure
and “a problem with the dosage of his high blood pressure medicine” had
rendered him insane or intoxicated at the time of his crime.  Adame had counseled
Russo against such a defense, believing that it was not a legitimate “severe
mental disease or defect,” but eventually Adame requested that Goodness be appointed
to evaluate Russo.  According to Adame’s affidavit, Goodness had determined
that Russo was “competent and was at no time insane due to problems with his
high blood pressure or medication.”  Adame also stated that Goodness
“characterized Russo as a ‘malingerer’ or a person who fakes medical symptoms
in order to evade criminal prosecution.”

Adame
filed his affidavit in the habeas corpus case on February 19, 2009.  The
district attorney’s office received a copy of the affidavit and forwarded it to
Russo on March 11, 2009.  The mail room of the Hightower Unit, where Russo was
housed, received the document on March 12, 2009, and notified Russo that he
could come collect his mail the next day.  Russo received a copy of the
affidavit on March 13, 2009, and based on the two statements in Adame’s
affidavit, filed his petition against Goodness on March 15, 2010.

          Goodness
answered Russo’s petition, pleading affirmative defenses of limitations and
privilege.  Goodness then filed a motion for summary judgment, but only on the
grounds of limitations.  The court granted Goodness’s motion, and Russo
appealed.

Standard
of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant is entitled
to summary judgment on an affirmative defense if the defendant conclusively
proves all the elements of the affirmative defense.  Frost
Nat’l Bank v. Fernandez, 315 S.W.3d 494, 508–09 (Tex. 2010), cert.
denied, 131 S. Ct. 1017 (2011); see Tex. R. Civ. P.
166a(b), (c).  To accomplish this, the defendant-movant must present summary
judgment evidence that conclusively establishes each element of the affirmative
defense.  See Chau v. Riddle, 254 S.W.3d 453, 455 (Tex. 2008).

Discussion

The
limitations period on a libel claim is one year.  Tex. Civ. Prac. & Rem.
Code Ann. § 16.002(a) (Vernon 2002).  The discovery rule may apply to libel
causes of action when the matter is not public knowledge.  Kelley v. Rinkle,
532 S.W.2d 947, 949 (Tex. 1976).  When the discovery rule applies, it defers
the accrual of a cause of action until a plaintiff discovers or, through the
exercise of reasonable care and diligence, should discover the nature of the
injury.  Childs v. Haussecker, 974 S.W.2d 31, 37 (Tex. 1998).  Because
the filings in this lawsuit were not made public knowledge, such as through
broadcast media, we believe the discovery rule should apply here.  See Kelley,
532 S.W.2d at 949 (“We would not apply the discovery rule where the defamation
is made a matter of public knowledge through such agencies as newspapers or
television broadcasts.”).

Russo’s
claim of libel is based on an affidavit which was filed on February 19, 2009. 
However, Russo was incarcerated at the time the affidavit was filed, and he did
not receive a copy of it until March 13, 2009.  Russo states in his “Rebuttal
Response to Defendant’s Amended Motion for Summary Judgment” that the district
attorney wrote a letter dated March 11, 2009, forwarding a copy of the
affidavit.  Russo also included a “copy” of the mail room notice dated March
12, 2009, instructing him to go to the mail room on March 13, 2009, to pick up
his mail.[2]  Because he was
incarcerated, Russo had no independent means of discovering the injurious
statements prior to receipt of the March 11 letter.  We therefore hold that the
discovery rule deferred the accrual of Russo’s cause of action until March 13,
2009, the date Russo was first able to discover the injury.

Under
section 16.002(a) of the civil practice and remedies code, Russo had one year
from the date the injury accrued to file his cause of action.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.002(a).  However, March 13, 2010, was a
Saturday.  Thus, the limitations period ended on March 15, 2010.  See
Tex. R. Civ. P. 4.  The clerk’s office received Russo’s petition on this date. 
However, the petition was originally filed as part of Russo’s criminal case
because the clerk did not realize it was a new cause.  The clerk’s office sent
Russo a letter on May 26, 2010, stating that it had misfiled the document and
that they would file the petition as a civil case when Russo paid the filing
fee or filed an affidavit of indigency.  Russo complied and the separate civil case
was filed June 14, 2010.

Goodness
argues that because the new matter was not created until June 14, 2010, Russo’s
petition was filed out of time.  Russo argues that he timely submitted his
petition and that any error of the clerk’s office should not be attributable to
him.  The clerk’s office has admitted that the petition was “inadvertently”
filed under the wrong cause, and it apologized to Russo “for the oversight.” 
However, the clerk’s office told Russo that it would not file the petition as a
new matter until Russo paid the filing fee or filed an affidavit of indigence.

If a
document is filed without paying the filing fee, it is considered
“conditionally filed” on the date it was tendered to the clerk.  Tate v.
E.I. DuPont de Nemours & Co., 934 S.W.2d 83, 84 (Tex. 1996). 
When the fee is paid, the petition is deemed filed on the date it was
originally tendered.  Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex.
1993).  We see no reason why the rule should be different for those filing
affidavits of indigency.  See Houser v. Allen, No. 09-07-00106 CV, 2008
WL 2058162, at *4–5 (Tex. App.—Beaumont May 15, 2008, pet. denied) (holding
that plaintiff’s petition was filed when he tendered it to the court, even
though it was returned unfiled because he submitted it without a statement of
his inmate trust account, and plaintiff later provided the statement).  Russo
filed an affidavit of indigency; thus, Russo’s petition is deemed filed on March
15, 2010, the date it was originally tendered to the court.  As such, it was
timely.  Because Goodness did not move for summary judgment on any other
grounds but limitations, the trial court erred in granting her motion for
summary judgment.  See State Farm Lloyds v. Page, 315 S.W.3d 525,
532 (Tex. 2010) (“Summary judgment may not be affirmed on appeal on a ground
not presented to the trial court in the motion.”).  We sustain Russo’s sole
issue.

Conclusion

          Having
sustained Russo’s issue, we reverse the trial court’s judgment and remand the
case for further proceedings consistent with this opinion.[3]

 

 

PER CURIAM



 

PANEL: 
GABRIEL, WALKER,
and McCOY, JJ.

 

DELIVERED:  May 26, 2011









[1]See Tex. R. App. P. 47.4.





[2]The “copies” of the
district attorney’s March 11, 2009 letter and the mail room notice are
handwritten, not photocopies of the original documents.  However, Goodness does
not dispute any of these dates.





[3]We also deny Russo’s
“Motion for Sanctions Against Defendant’s Frivolous Amended Motion.”