

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00330-CV

STEVEN CHARLES RUSSO                                            APPELLANT

V.

KELLY GOODNESS, M.D.                                              APPELLEE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Steven Charles Russo appeals the trial court's order granting Dr. Kelly Goodness's motion for summary judgment. We will reverse the trial court's judgment.

----

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

The underlying cause of action concerns allegedly libelous statements that Goodness made regarding Russo's state of mental health. The statements were in an affidavit executed by Russo's former trial counsel in a criminal case, Derek Adame. Russo had filed a post-conviction writ of habeas corpus, arguing ineffective assistance by Adame because Adame had refused to argue an insanity defense in Russo's criminal case. Russo believed that his high blood pressure and "a problem with the dosage of his high blood pressure medicine" had rendered him insane or intoxicated at the time of his crime. Adame had counseled Russo against such a defense, believing that it was not a legitimate "severe mental disease or defect," but eventually Adame requested that Goodness be appointed to evaluate Russo. According to Adame's affidavit, Goodness had determined that Russo was "competent and was at no time insane due to problems with his high blood pressure or medication." Adame also stated that Goodness "characterized Russo as a 'malingerer' or a person who fakes medical symptoms in order to evade criminal prosecution."

Adame filed his affidavit in the habeas corpus case on February 19, 2009. The district attorney's office received a copy of the affidavit and forwarded it to Russo on March 11, 2009. The mail room of the Hightower Unit, where Russo was housed, received the document on March 12, 2009, and notified Russo that he could come collect his mail the next day. Russo received a copy of the

affidavit on March 13, 2009, and based on the two statements in Adame's affidavit, filed his petition against Goodness on March 15, 2010.

Goodness answered Russo's petition, pleading affirmative defenses of limitations and privilege. Goodness then filed a motion for summary judgment, but only on the grounds of limitations. The court granted Goodness's motion, and Russo appealed.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

3

**Discussion**

The limitations period on a libel claim is one year. Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2002). The discovery rule may apply to libel causes of action when the matter is not public knowledge. *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976). When the discovery rule applies, it defers the accrual of a cause of action until a plaintiff discovers or, through the exercise of reasonable care and diligence, should discover the nature of the injury. *Childs v. Haussecker,* 974 S.W.2d 31, 37 (Tex. 1998). Because the filings in this lawsuit were not made public knowledge, such as through broadcast media, we believe the discovery rule should apply here. *See Kelley*, 532 S.W.2d at 949 ("We would not apply the discovery rule where the defamation is made a matter of public knowledge through such agencies as newspapers or television broadcasts.").

Russo's claim of libel is based on an affidavit which was filed on February 19, 2009. However, Russo was incarcerated at the time the affidavit was filed, and he did not receive a copy of it until March 13, 2009. Russo states in his "Rebuttal Response to Defendant's Amended Motion for Summary Judgment" that the district attorney wrote a letter dated March 11, 2009, forwarding a copy of the affidavit. Russo also included a "copy" of the mail room notice dated March 12, 2009, instructing him to go to the mail room on March 13, 2009, to pick

4

up his mail.[2] Because he was incarcerated, Russo had no independent means of discovering the injurious statements prior to receipt of the March 11 letter. We therefore hold that the discovery rule deferred the accrual of Russo's cause of action until March 13, 2009, the date Russo was first able to discover the injury.

Under section 16.002(a) of the civil practice and remedies code, Russo had one year from the date the injury accrued to file his cause of action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a). However, March 13, 2010, was a Saturday. Thus, the limitations period ended on March 15, 2010. *See* Tex. R. Civ. P. 4. The clerk's office received Russo's petition on this date. However, the petition was originally filed as part of Russo's criminal case because the clerk did not realize it was a new cause. The clerk's office sent Russo a letter on May 26, 2010, stating that it had misfiled the document and that they would file the petition as a civil case when Russo paid the filing fee or filed an affidavit of indigency. Russo complied and the separate civil case was filed June 14, 2010.

Goodness argues that because the new matter was not created until June 14, 2010, Russo's petition was filed out of time. Russo argues that he timely submitted his petition and that any error of the clerk's office should not be attributable to him. The clerk's office has admitted that the petition was "inadvertently" filed under the wrong cause, and it apologized to Russo "for the

---

[2]The "copies" of the district attorney's March 11, 2009 letter and the mail room notice are handwritten, not photocopies of the original documents. However, Goodness does not dispute any of these dates.

5

oversight." However, the clerk's office told Russo that it would not file the petition as a new matter until Russo paid the filing fee or filed an affidavit of indigence.

If a document is filed without paying the filing fee, it is considered "conditionally filed" on the date it was tendered to the clerk. *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex. 1996). When the fee is paid, the petition is deemed filed on the date it was originally tendered. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993). We see no reason why the rule should be different for those filing affidavits of indigency. *See Houser v. Allen*, No. 09-07-00106 CV, 2008 WL 2058162, at *4–5 (Tex. App.—Beaumont May 15, 2008, pet. denied) (holding that plaintiff's petition was filed when he tendered it to the court, even though it was returned unfiled because he submitted it without a statement of his inmate trust account, and plaintiff later provided the statement). Russo filed an affidavit of indigency; thus, Russo's petition is deemed filed on March 15, 2010, the date it was originally tendered to the court. As such, it was timely. Because Goodness did not move for summary judgment on any other grounds but limitations, the trial court erred in granting her motion for summary judgment. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("Summary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion."). We sustain Russo's sole issue.

**Conclusion**

Having sustained Russo's issue, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.[3]

PER CURIAM

PANEL:  GABRIEL, WALKER, and McCOY, JJ.

DELIVERED:  May 26, 2011

---

[3]We also deny Russo's "Motion for Sanctions Against Defendant's Frivolous Amended Motion."