02-10-446-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00446-CV

 

 


 
 
 Steven Charles russo
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 derek a. adame
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 211TH DISTRICT COURT OF Denton COUNTY

------------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
two points, Appellant Steven Charles Russo appeals the trial court’s order
granting Appellee Derek Adame’s motion for summary judgment.  We reverse and
remand.

II. 
Procedural and Factual Background

Russo,
an inmate, sued Adame for allegedly libelous statements that Adame made in a
court-ordered affidavit related to Russo’s application for a writ of habeas corpus. 
In his application for writ of habeas corpus, Russo alleged that Adame rendered
ineffective assistance in Russo’s criminal case.

Adame
filed his affidavit in the habeas corpus case on February 19, 2009.  The Denton
County District Attorney’s Office forwarded a copy of the affidavit to Russo on
March 11, 2009.  The mail room of the Hightower Unit, where Russo was housed,
received the document on March 12, 2009, and notified Russo that he could
collect his mail the next day.  Russo received a copy of the affidavit on March
13, 2009, and filed a “Request for Citation” with the Denton County District
Clerk on March 15, 2010.  The document stated that Russo was “the Plaintiff of
the accompanying claim of libel” against Adame.[2]

          On
May 26, 2010, the district clerk, in a response to a letter from Russo, stated
that Russo’s petition had been mistakenly filed under Russo’s criminal cause
number.  The district clerk said that she would file a civil case but that
before she could do so, Russo would need to submit the filing fee or an affidavit
of indigence.  Russo filed an affidavit of indigence on June 14, 2010.

Adame
answered Russo’s petition, pleading affirmative defenses of limitations and
privilege.  Adame then filed a motion for summary judgment, but only on the
ground of limitations.  The trial court granted Adame’s motion, and Russo
appealed.[3]

III. 
Standard of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant is entitled
to summary judgment on an affirmative defense if the defendant conclusively
proves all the elements of the affirmative defense.  Frost Nat’l Bank v.
Fernandez, 315 S.W.3d 494, 508–09 (Tex. 2010), cert. denied, 131 S.
Ct. 1017 (2011); see Tex. R. Civ. P. 166a(b), (c).  To accomplish this,
the defendant-movant must present summary judgment evidence that conclusively establishes
each element of the affirmative defense.  See Chau v. Riddle, 254 S.W.3d
453, 455 (Tex. 2008).

IV. 
Discussion

In
his first point, Russo argues that summary judgment based on limitations was
improper; we agree.  The limitations period on a libel claim is one year.  Tex.
Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2002). The discovery rule
may apply to libel causes of action when the matter is not public knowledge.  Kelley
v. Rinkle, 532 S.W.2d 947, 949 (Tex. 1976).  When the discovery rule
applies, it defers the accrual of a cause of action until a plaintiff discovers
or, through the exercise of reasonable care and diligence, should discover the
nature of the injury.  Childs v. Haussecker, 974 S.W.2d 31, 37 (Tex. 1998). 
Because the filings in this lawsuit were not made public knowledge, such as
through broadcast media, we believe the discovery rule should apply here.  See
Kelley, 532 S.W.2d at 949 (“We would not apply the discovery rule where the
defamation is made a matter of public knowledge through such agencies as
newspapers or television broadcasts.”).

Russo
based his libel claim on Adame’s February 19, 2009 affidavit.  Because he was
incarcerated at that time, Russo did not receive a copy of the affidavit until
March 13, 2009.  In his response to Adame’s summary-judgment motion, Russo
included a “copy” of a March 11, 2009 letter from the Denton County District
Attorney, which stated that it included a copy of Adame’s affidavit.  Russo
also included a “copy” of the Hightower Unit’s mail room notice dated March 12,
2009, that instructed him to go to the mail room on March 13, 2009, to pick up
his mail.[4]  Because he was
incarcerated, Russo had no independent means to discover the injurious
statements prior to his receipt of the March 11 letter.  We therefore hold that
the discovery rule deferred the accrual of Russo’s cause of action until March
13, 2009, the date Russo was first able to discover the injury.

Under
section 16.002(a) of the civil practice and remedies code, Russo had one year
from the date the injury accrued to file his cause of action.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.002(a).  But because March 13, 2010 was a
Saturday, the limitations period ended on March 15, 2010.  See Tex. R.
Civ. P. 4.  The clerk’s office received Russo’s petition on this date.  And,
even though the petition was originally misfiled, the clerk told Russo that it would
file the petition as a civil case when Russo paid the filing fee or filed an
affidavit of indigency.  Russo complied, and the civil case was filed June 14,
2010.

Adame
argues that because the new matter was not created until June 14, 2010, Russo’s
petition was not timely filed.  Russo argues that he timely submitted his petition
and that any error of the clerk’s office should not be attributable to him. 
The clerk’s office has admitted that the petition was “inadvertently” filed
under the wrong cause, and it apologized to Russo “for the oversight.” 
However, the clerk’s office told Russo that it would not file the petition as a
new matter until Russo paid the filing fee or filed an affidavit of indigence.

If a
document is filed without paying the filing fee, it is considered
“conditionally filed” on the date it was tendered to the clerk.  Tate v.
E.I. DuPont de Nemours & Co., 934 S.W.2d 83, 84 (Tex. 1996). 
When the fee is paid, the petition is deemed filed on the date it was
originally tendered.  Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex.
1993).  We see no reason why the rule should be different for those filing
affidavits of indigency.  See Houser v. Allen, No. 09-07-00106 CV, 2008
WL 2058162, at *4–5 (Tex. App.—Beaumont May 15, 2008, pet. denied) (mem. op.) (holding
that plaintiff’s petition was filed when he tendered it to the court, even
though it was returned unfiled because he submitted it without a statement of
his inmate trust account, and plaintiff later provided the statement).  Russo
filed an affidavit of indigency; thus, Russo’s petition is deemed filed on March
15, 2010, the date it was originally tendered to the court.  As such, it was
timely.  Because Adame did not move for summary judgment on any other grounds
but limitations, the trial court erred by granting his motion for summary
judgment.  See State Farm Lloyds v. Page, 315 S.W.3d 525, 532
(Tex. 2010) (“Summary judgment may not be affirmed on appeal on a ground not
presented to the trial court in the motion.”).  We sustain Russo’s first point.

V.  Conclusion

          Having
sustained Russo’s first point, we reverse the trial court’s judgment and remand
the case for further proceedings consistent with this opinion.[5]

 

PER
CURIAM

PANEL:  MCCOY, WALKER, and
GABRIEL, JJ.  

DELIVERED:  May 26, 2011









[1]See Tex. R. App. P. 47.4.





[2]Although the copy of
Russo’s “Libel Claim” contained in the record is dated as filed on June 14,
2010, the district clerk, in her May 26 letter, acknowledged receipt of Russo’s
libel claims on March 15, 2010.  We refer to the request and libel claim collectively
as Russo’s “petition.”





[3]The 211th district court
also sustained Dr. Kelly Goodness’s plea to the jurisdiction on Russo’s claim
of libel that he brought based on statements of hers that Adame quoted in his
affidavit.  That case was also brought before us, and our opinion in that case
has issued this day.  Russo v. Goodness, No. 02-10-00330-CV (Tex.
App.—Fort Worth May 26, 2011, no pet. h.).





[4]The “copies” of the March
11, 2009 letter and the mail room notice are handwritten, not photocopies of
the original documents.  However, Adame does not dispute any of these dates.





[5]Because Russo’s first
point is dispositive, we need not reach his second point.  See Tex. R.
App. P. 47.1.  We also deny Russo’s “Motion for Sanctions Against Defendant’s
Frivolous Amended Motion.”