

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

#### NO. 02-10-00446-CV

STEVEN CHARLES RUSSO                               APPELLANT

V.

DEREK A. ADAME                                     APPELLEE

------------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In two points, Appellant Steven Charles Russo appeals the trial court's order granting Appellee Derek Adame's motion for summary judgment. We reverse and remand.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Procedural and Factual Background

Russo, an inmate, sued Adame for allegedly libelous statements that Adame made in a court-ordered affidavit related to Russo's application for a writ of habeas corpus. In his application for writ of habeas corpus, Russo alleged that Adame rendered ineffective assistance in Russo's criminal case.

Adame filed his affidavit in the habeas corpus case on February 19, 2009. The Denton County District Attorney's Office forwarded a copy of the affidavit to Russo on March 11, 2009. The mail room of the Hightower Unit, where Russo was housed, received the document on March 12, 2009, and notified Russo that he could collect his mail the next day. Russo received a copy of the affidavit on March 13, 2009, and filed a "Request for Citation" with the Denton County District Clerk on March 15, 2010. The document stated that Russo was "the Plaintiff of the accompanying claim of libel" against Adame.[2]

On May 26, 2010, the district clerk, in a response to a letter from Russo, stated that Russo's petition had been mistakenly filed under Russo's criminal cause number. The district clerk said that she would file a civil case but that before she could do so, Russo would need to submit the filing fee or an affidavit of indigence. Russo filed an affidavit of indigence on June 14, 2010.

---

[2]Although the copy of Russo's "Libel Claim" contained in the record is dated as filed on June 14, 2010, the district clerk, in her May 26 letter, acknowledged receipt of Russo's libel claims on March 15, 2010. We refer to the request and libel claim collectively as Russo's "petition."

2

Adame answered Russo's petition, pleading affirmative defenses of limitations and privilege. Adame then filed a motion for summary judgment, but only on the ground of limitations. The trial court granted Adame's motion, and Russo appealed.[3]

### III. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that conclusively establishes

---

[3]The 211th district court also sustained Dr. Kelly Goodness's plea to the jurisdiction on Russo's claim of libel that he brought based on statements of hers that Adame quoted in his affidavit. That case was also brought before us, and our opinion in that case has issued this day. *Russo v. Goodness*, No. 02-10-00330-CV (Tex. App.—Fort Worth May 26, 2011, no pet. h.).

each element of the affirmative defense.  *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## IV. Discussion

In his first point, Russo argues that summary judgment based on limitations was improper; we agree.  The limitations period on a libel claim is one year.  Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2002). The discovery rule may apply to libel causes of action when the matter is not public knowledge.  *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976).  When the discovery rule applies, it defers the accrual of a cause of action until a plaintiff discovers or, through the exercise of reasonable care and diligence, should discover the nature of the injury.  *Childs v. Haussecker,* 974 S.W.2d 31, 37 (Tex. 1998).  Because the filings in this lawsuit were not made public knowledge, such as through broadcast media, we believe the discovery rule should apply here. *See Kelley*, 532 S.W.2d at 949 ("We would not apply the discovery rule where the defamation is made a matter of public knowledge through such agencies as newspapers or television broadcasts.").

Russo based his libel claim on Adame's February 19, 2009 affidavit. Because he was incarcerated at that time, Russo did not receive a copy of the affidavit until March 13, 2009.  In his response to Adame's summary-judgment motion, Russo included a "copy" of a March 11, 2009 letter from the Denton County District Attorney, which stated that it included a copy of Adame's affidavit. Russo also included a "copy" of the Hightower Unit's mail room notice dated

March 12, 2009, that instructed him to go to the mail room on March 13, 2009, to pick up his mail.[4] Because he was incarcerated, Russo had no independent means to discover the injurious statements prior to his receipt of the March 11 letter. We therefore hold that the discovery rule deferred the accrual of Russo's cause of action until March 13, 2009, the date Russo was first able to discover the injury.

Under section 16.002(a) of the civil practice and remedies code, Russo had one year from the date the injury accrued to file his cause of action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a). But because March 13, 2010 was a Saturday, the limitations period ended on March 15, 2010. *See* Tex. R. Civ. P. 4. The clerk's office received Russo's petition on this date. And, even though the petition was originally misfiled, the clerk told Russo that it would file the petition as a civil case when Russo paid the filing fee or filed an affidavit of indigency. Russo complied, and the civil case was filed June 14, 2010.

Adame argues that because the new matter was not created until June 14, 2010, Russo's petition was not timely filed. Russo argues that he timely submitted his petition and that any error of the clerk's office should not be attributable to him. The clerk's office has admitted that the petition was "inadvertently" filed under the wrong cause, and it apologized to Russo "for the

---

[4]The "copies" of the March 11, 2009 letter and the mail room notice are handwritten, not photocopies of the original documents. However, Adame does not dispute any of these dates.

5

oversight." However, the clerk's office told Russo that it would not file the petition as a new matter until Russo paid the filing fee or filed an affidavit of indigence.

If a document is filed without paying the filing fee, it is considered "conditionally filed" on the date it was tendered to the clerk. *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex. 1996). When the fee is paid, the petition is deemed filed on the date it was originally tendered. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993). We see no reason why the rule should be different for those filing affidavits of indigency. *See Houser v. Allen*, No. 09-07-00106 CV, 2008 WL 2058162, at *4–5 (Tex. App.—Beaumont May 15, 2008, pet. denied) (mem. op.) (holding that plaintiff's petition was filed when he tendered it to the court, even though it was returned unfiled because he submitted it without a statement of his inmate trust account, and plaintiff later provided the statement). Russo filed an affidavit of indigency; thus, Russo's petition is deemed filed on March 15, 2010, the date it was originally tendered to the court. As such, it was timely. Because Adame did not move for summary judgment on any other grounds but limitations, the trial court erred by granting his motion for summary judgment. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("Summary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion."). We sustain Russo's first point.

6

## V.  Conclusion

Having sustained Russo's first point, we reverse the trial court's judgment

and remand the case for further proceedings consistent with this opinion.[5]

PER CURIAM

PANEL:  MCCOY, WALKER, and GABRIEL, JJ.

DELIVERED:  May 26, 2011

---

[5]Because Russo's first point is dispositive, we need not reach his second point.  *See* Tex. R. App. P. 47.1.  We also deny Russo's "Motion for Sanctions Against Defendant's Frivolous Amended Motion."

7