Hewell JAMAR, Petitioner,

v.

Gayle PATTERSON, Individually and as Next Friend of Brandi Istre, Respondent.

No. D–3860.

Supreme Court of Texas.

Nov. 17, 1993.

Rehearing Overruled Feb. 16, 1994.

Martin L. Peterson, Stephenville, for petitioner.

Russell Scott Briggs, Houston, for respondent.

PER CURIAM.

This case presents the issue of what constitutes "filing" a motion for new trial for purposes of calculating the appellate timetable. After a jury trial the trial judge signed a judgment for Gayle Patterson, individually and as next friend of Brandi Istre (Patterson), against Hewell Jamar. The judgment is dated October 16, 1992. On November 12, 1992, counsel for Jamar tendered his motion to the district clerk, who did not "accept" the motion for filing because Jamar had not paid the requisite $15.00 statutory filing fee.[1] Despite its other deficiencies,[2] the clerk file-stamped the motion on November 30, 1992, when the $15.00 filing fee was received.

Jamar then filed an appeal bond which was timely if his motion for new trial were timely filed to extend the appellate deadline, but untimely if he were limited to thirty days after judgment. *See* TEX.R.APP.P. 41(a). The court of appeals, in a two-paragraph unpublished opinion, stated that Jamar's motion was "filed" on November 30, 1992, when it was file-stamped, and dismissed his appeal. The court of appeals did not state either that the file-stamp was controlling or that payment of the filing fee was a requirement for

---

1. TEX.GOV'T CODE § 51.317(b).

2. The motion also failed to conform to the county's local rules because it did not include a proposed order or a submission date, but such local rule requirements may not impose additional restrictions on what constitutes a "filing" under the Texas Rules of Civil Procedure or Rules of Appellate Procedure.

filing, but presumably it impliedly made one or the other of those holdings.

 In a long line of cases, this court has held that a document is "filed" when it is tendered to the clerk, or otherwise put under the custody or control of the clerk. *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex.1990); *Biffle v. Morton Rubber Indus., Inc.*, 785 S.W.2d 143 (Tex.1990); *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 681 (Tex. 1979). We therefore assume the court of appeals did not mean the file stamp was controlling. That means the court held that payment of the filing fee controlled when the document was "filed" for appellate timetable purposes.

Tex.R.Civ.P. 329b(a) provides that "[a] motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed." The rule does not define "filed." It is our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule. *See McRoberts v. Ryals*, 863 S.W.2d 450, 455 (Tex.1993); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 632–33 (Tex. 1986). Consistent with that rule and our prior holdings that the date of filing is when the document is first tendered to the clerk, we hold that Jamar's motion for new trial *was conditionally filed* on November 12, 1992, when he tendered it to the clerk. That date controls for appellate purposes. The filing was completed, as the trial court clerk implicitly recognized, when Jamar paid the filing fee.[3]

Without hearing argument, a majority of the court grants the application for writ of error, holds that the date of original tender of the motion for new trial governs for appellate time calculation purposes, reverses the judgment of the court of appeals and remands the cause to that court for further proceedings consistent with this opinion. Tex.R.App.P. 170.

---

3. The filing is not completed until the fee is paid, and absent emergency or other rare circumstances, the court should not consider it before then.