Leonor Ortiz TATE, individually, and on behalf of the Estate of Larry Wayne Tate, deceased, Petitioner

v.

E.I. DuPONT de NEMOURS & COMPANY, INC., Respondent

No. 96–0153.

Supreme Court of Texas.

Nov. 15, 1996.

J. Norman Thomas, Corpus Christi, for petitioner.

Richard A. Sheehy, Warren Reid Williamson, Donald B. McFall, Houston, for respondent.

PER CURIAM.

We must decide whether a motion for new trial timely presented to the district clerk without the required filing fee extends the appellate timetable, where the movant pays the filing fee after the motion is overruled by operation of law but before the trial court loses plenary jurisdiction. The court of appeals, holding that the appellate timetable was not extended, dismissed the appeal for want of jurisdiction. 709 S.W.2d 281. Because we hold that the appellate timetable was extended under these circumstances, we reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

Leonor Ortiz Tate sued E.I. DuPont de Nemours & Company for wrongful death and survival claims arising from the death of Tate's alleged common law husband. The trial court signed a final summary judgment for DuPont on May 8, 1995. Twenty-five days later, Tate timely presented a motion for new trial to the district clerk. Because she did not then tender the required $15 filing fee, however, the clerk treated the motion as "received only" rather than filed, and did not forward it to the court for a ruling. Tate's motion for new trial was overruled by operation of law on July 24, 1995.

On August 4, 1995, 88 days after the judgment was signed and 19 days before the trial court lost plenary jurisdiction, Tate perfected

an appeal by filing a certificate of deposit in lieu of cost bond, and also tendered the $15 filing fee for the motion for new trial. Tate's appeal was timely only if her motion for new trial extended the appellate timetable. *See* TEX.R.APP. P. 41(a).

On DuPont's motion, the court of appeals dismissed the appeal for want of jurisdiction, holding that Tate's motion for new trial did not extend the appellate timetable because she did not pay the required filing fee until after the motion had been overruled by operation of law. 709 S.W.2d at 282. The court of appeals relied on *Arndt v. Arndt,* 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ), in which the court stated in dicta that a motion for new trial "will not act to extend the appellate timetables if the required $15 fee is not paid before the motion is heard or before it is overruled."

Subsequently, in *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993), we held that a motion for new trial tendered without the necessary filing fee is nonetheless *conditionally filed* when it is presented to the clerk, and that date controls for purposes of the appellate timetable. We based this holding on "our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Id.* While the movant in *Jamar* paid the filing fee before the motion for new trial was overruled, we did not limit our holding to those circumstances. We did note that, because the filing is not complete until the fee is paid, the trial court should not consider the motion before then, absent emergency or other rare circumstances. *See* 868 S.W.2d at 319 n. 3. Accordingly, the failure to pay the fee before the motion is overruled by operation of law may forfeit altogether the movant's opportunity to have the trial court consider the motion; it does not, however, retroactively invalidate the conditional filing for purposes of the appellate timetable.[1]

Tate's motion for new trial was conditionally filed when she presented it to the clerk, and the filing became complete when she later paid the filing fee. Because the appellate timetable was extended under these circumstances, the court of appeals erred in dismissing the appeal.

DuPont argues that, even if the court of appeals erred, the error is harmless because Tate's appeal lacked substantive merit. DuPont in effect asks us to consider the merits of the appeal, even though the court of appeals has not yet done so. This would improperly eliminate the court of appeals from the appellate process. When a court of appeals erroneously dismisses an appeal for want of jurisdiction, the proper procedure is for this Court to remand the cause to the court of appeals for further proceedings. *See, e.g., Gomez v. Texas Dep't of Criminal Justice,* 896 S.W.2d 176, 177 (Tex.1995); *Maxfield v. Terry,* 888 S.W.2d 809, 811 (Tex. 1994); *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994); *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993).

Accordingly, without hearing oral argument, the Court reverses the judgment of the court of appeals and remands this cause to that court for further proceedings. *See* TEX. R.APP. P. 170.

ABBOTT, J., not sitting.

---

1. However, we express no opinion about whether a motion for new trial extends the appellate timetable if the filing fee is not paid within the period of the trial court's plenary jurisdiction. *Cf. Spellman v. Hoang,* 887 S.W.2d 480, 482 (Tex.App.—San Antonio 1994, no writ) (holding that motion for new trial extended the appellate timetable even though appellant did not pay the motion filing fee until appellee moved for dismissal in the court of appeals); *Ramirez v. Get "N" Go # 103,* 888 S.W.2d 29, 31 (Tex.App.—Corpus Christi 1994, no writ) (same). We also express no opinion about whether a motion for new trial, even though extending the appellate timetable, properly *preserves error* for appeal if, as in this case, the filing fee is not paid until after the motion is overruled by operation of law.