**Linda POLLEY, Appellant,**

v.

**Rex ODOM, Appellee.**

**No. 10–96–197–CV.**

Court of Appeals of Texas,
Waco.

Jan. 22, 1997.

---

Bennett S. Bartlett, Farnsworth & Vonberg, Houston, for, appellant.

Brett C. Govett, Fulbright & Jaworski, L.L.P., Dallas, Renee Alison Forinash, Fulbright & Jaworski, L.L.P., San Antonio, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON APPELLEE'S MOTION TO DISMISS

PER CURIAM.

Appellant Linda Polley sued appellee Rex Odom for property damage when the commercial building she leased from Odom was consumed by fire. The trial court signed a partial summary judgment order in favor of Odom on November 29, 1995, and later signed a take-nothing judgment on April 30, 1996, disposing of all the issues in the cause. Polley tendered her motion for new trial to the district clerk on May 29, 1996, and she filed a cash deposit in lieu of bond on July 25, 1996.

In a motion filed in this court on December 2, 1996, Odom, relying upon *Arndt v. Arndt,* 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ), requested that we dismiss Polley's appeal for want of jurisdiction because Polley never paid the filing fee for her motion for new trial.[1] Odom contended that by failing to timely pay the filing fee, Polley's motion for new trial was ineffective to extend the appellate timetable, meaning that the cash deposit in lieu of bond Polley filed on July 25 was untimely and that this court, consequently, was deprived of jurisdiction over the appeal. *See* TEX.R.APP.P. 41(a)(1) (appeal must be perfected within thirty days after judgment is signed or ninety days if a timely motion for new trial has been filed).

In her response Polley asserted that, after receiving Odom's motion to dismiss, she paid the filing fee on her motion for new trial, although she admitted that it was six months' overdue at the time of payment. Recognizing the untimeliness of the filing fee, Polley argued that this court should follow the holding of the San Antonio Court of Appeals in *Spellman v. Hoang,* a case essentially identical to the one before us, to conclude that Polley's tender of her motion for new trial extended the appellate timetable, notwithstanding the latefiling of the filing fee, and that this court thereby obtained jurisdiction over her appeal. 887 S.W.2d 480, 481 (Tex. App.—San Antonio 1994, no writ).

In *Jamar v. Patterson,* the Supreme Court considered the issue of whether a motion for new trial was effective to extend the appellate timetable when it was tendered to the court clerk within thirty days of the judgment's signing but the $15 fee was not paid until more than thirty days after the judgment. 868 S.W.2d 318 (Tex.1993); *see* TEX. R.CIV.P. 329b(a) (motion for new trial must be filed within thirty days after judgment is signed); *see also* TEX.GOV'T CODE ANN. § 51.317(a),(b)(2) (Vernon 1988 & Pamph. 1997) ("The district clerk shall collect at the time the suit or action is filed the [$15 fee] ... for filing ... a motion for new trial.").[2]

---

1. The court in *Arndt v. Arndt* wrote, "[A] motion [for new trial] will not act to extend the appellate timetables if the required $15 fee is not paid before the motion is heard or before it is over-

ruled." 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ).

2. Notwithstanding the language of section 51.317, the filing of the motion for new trial

At stake was the jurisdiction of the appellate court over the cause. If the motion for new trial was timely, then the appellate court had jurisdiction. *Jamar,* 868 S.W.2d at 318. If the motion was untimely, then the court did not. *Id.; see* TEX.R.APP.P. 41(a)(1).

In finding that the appellant's motion for new trial was timely, at least insofar as the appellate timetable was concerned, the Supreme Court held that a motion for new trial is "conditionally filed" when it is tendered to the district court and that the date of tender controls for purposes of the appellate timetable. *Jamar,* 868 S.W.2d at 319. The court concluded that, because the appellant's motion for new trial was tendered within thirty days after the judgment was signed, the appellant's motion for new trial was effective to extend the appellate timetable. *Id.*

In *Tate v. E.I. DuPont de Nemours & Co., Inc.,* the Supreme Court again addressed a similar issue to the one in *Jamar,* although with a slight difference in the facts. 934 S.W.2d 83 (Tex.1996). In *Tate,* the appellant timely tendered his motion for new trial, but he failed to file the filing fee until after the motion was overruled by operation of law. *Id.; see also* TEX.R.CIV.P. 329b(c) (motion for new trial is overruled by operation of law seventy-five days after the date the judgment is signed).

The appellee in *Tate,* relying upon language in *Jamar* that a trial court should not, absent "emergency or other rare circumstances," consider a motion for new trial until the fee is paid, argued that the appellant's motion for new trial was ineffective to extend the appellate timetable because it was filed after his motion for new trial was overruled by operation of law. *Id.* at 84; *see Jamar,* 868 S.W.2d at 319 n. 3.

The Supreme Court, however, held that the appellant's motion for new trial was effective to extend the appellate timetable. *Tate,* 934 S.W.2d at 84. Relying upon its policy of liberally interpreting rules in favor of permitting the right to appeal, the Supreme Court held that "the failure to pay the

[filing] fee before the motion is overruled by operation of law may forfeit altogether the *movant's opportunity to have the trial court* consider the motion; it does not, however, retroactively invalidate the conditional filing for purposes of the appellate timetable." *Id.* (quoting *Jamar,* 868 S.W.2d at 319).

The facts of the case before us represent one step further along in the progression from *Jamar* to *Tate.* Here, not only did the appellant fail to pay the filing fee within the time the trial court could rule on her motion for new trial, she also failed to pay it before the trial court lost its plenary authority over the cause. *See L.M. Healthcare, Inc. v. Childs,* 929 S.W.2d 442, 444 (Tex.1996) (on rehearing) (trial court's plenary authority over a cause may be extended to a maximum of 105 days from the date the judgment is signed); *see also* TEX.R.CIV.P. 329b(c),(e). The Supreme Court in *Tate* recognized the existence of this issue but expressly declined to comment on it. 934 S.W.2d at 84 n. 1.

In *Spellman* and *Ramirez v. Get "N" Go # 103,* 888 S.W.2d 29 (Tex.App.—Corpus Christi 1994, no writ), the San Antonio and Corpus Christi courts addressed the exact issue before us. In deciding that the appellate timetable is extended upon the timely tender of a motion for new trial even though the filing fee is not paid until after the trial court's plenary authority over the cause had expired, these two courts recognized the dual purposes of filing a motion for new trial, namely, (1) presenting the motion to the trial court to secure a ruling, and (2) extending the appellate timetable. *Spellman,* 887 S.W.2d at 482 (citing *Jamar,* 868 S.W.2d at 319); *see Ramirez,* 888 S.W.2d at 31 (citing *Jamar,* 868 S.W.2d at 319). These courts reasoned that, while the untimely payment of the filing fee may deprive the trial court of the ability to rule on the motion, the appellate timetable, given the policy enunciated by the Supreme Court of liberally interpreting the rules in favor of permitting the right to appeal, would nevertheless be extended. *Spellman,* 887 S.W.2d at 481; *Ramirez,* 888 S.W.2d at 31.[3] We agree with the *Spellman*

---

obviously would not be due at "the time the suit or action is filed." *See* TEX.GOV'T CODE ANN.

§ 51.317(a),(b)(2) (Vernon 1988 & Pamph.1997); *Arndt,* 709 S.W.2d at 282.

**3.** We note that the Supreme Court, while declin-

and *Ramirez* courts: a timely tendered motion for new trial extends the appellate timetable regardless when the filing fee is paid. *Contra, Arndt,* 709 S.W.2d at 282.

Odom's motion to dismiss for want of jurisdiction is denied.

ing to comment on how it would rule if the filing fee were not paid until after the trial court's plenary authority had expired, did indicate its agreement with the rationale of *Spellman v. Hoang,* 887 S.W.2d 480 (Tex.App.—San Antonio 1994, no writ), and *Ramirez v. Get "N" Go # 103,* 888 S.W.2d 29 (Tex.App.—Corpus Christi 1994,

no writ), that the two purposes of filing a motion for new trial are separate and distinct. *Tate v. E.I. DuPont de Nemours & Co., Inc.,* 934 S.W.2d 83, 84 (Tex.1996).