**In re Diana Faye LEWIS, Individually and as Independent Executrix of the Estate of Doris A. Lewis, Deceased, and as Trustee of the Doris A. Lewis Living Trust.**

No. 10–05–00402–CV.

Court of Appeals of Texas, Waco.

March 15, 2006.

Tammy C. Manning, Galligan & Manning, Houston, for Appellant/Relator.

Kenneth C. Kaye, Attorney At Law,League City, Charles J. Sebesta, Attorney At Law, Caldwell, Walter Joames Kronzer III, Attorney At Law, Houston, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

This original proceeding arises from a probate proceeding in Burleson County, a county with no statutory probate court or county court at law. Jeffrey Lewis (Jeffrey), the real-party-in-interest and plaintiff below, filed suit in the constitutional county court, sitting in probate, against Relator Diana Faye Lewis (Diana), individually and as executrix of the estate of Doris A. Lewis, deceased. The probate court transferred the lawsuit to district court in Burleson County. Diana seeks a writ of mandamus directing Respondent, the Honorable Mike Sutherland, presiding judge of the constitutional county court of Burleson County, to vacate or rescind his order transferring the lawsuit to district court and to request an assignment of a statutory probate court judge to hear the lawsuit.

■ We will grant mandamus relief if there has been a clear abuse of discretion and the relator has no adequate legal remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial court abuses its discretion if " 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' " or if it clearly fails to correctly analyze or apply the law. *Id.* at 839, 840 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)).

The chronology of relevant events is as follows:

- October 24, 2005: Jeffrey's original petition is filed in the probate court.

- November 2, 2005: The county clerk receives, but does not "file," Diana's "Motion for Appointment of Statutory Probate Court Judge Pursuant to Section 5(b) of the Texas Probate Code." The clerk did not file Diana's motion because it was not accompanied by an alleged $40.00 filing fee.

- November 3, 2005: The county clerk receives and files Jeffrey's "Motion to Transfer Case to District Court." The probate court signs an order granting Jeffrey's "Motion to Transfer Case to District Court."

- November 4, 2005: The county clerk receives the $40.00 filing fee from Diana.

■ Because of the clear language in section 5(b–1) of the Probate Code, the issue before us is whether Diana's motion was "filed" on November 2. Section 5(b–1) provides in part:

> If the judge of the county court has not transferred a contested probate matter to the district court under this section by the time a party *files* a motion for assignment of a statutory probate court judge, the county judge *shall* grant the motion and may not transfer the matter to the district court unless the party withdraws the motion.

TEX. PROB.CODE ANN. § 5(b–1) (Vernon Supp.2005) (emphasis added). If Diana's motion was filed on November 2, the probate court could only grant her motion; it could not transfer the lawsuit to district court.

Texas courts have repeatedly held that if a motion for new trial is tendered to the clerk without the filing fee, the motion is "conditionally filed," and when the filing fee is paid, the motion is deemed filed on the day that it was tendered to the clerk for appellate timetable purposes. *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex.1996); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993); *Polley v. Odom*, 937 S.W.2d 623, 624–26 (Tex. App.-Waco 1997, no writ); *see also Garza v. Garcia*, 137 S.W.3d 36, 37–39 (Tex.2004) (extending rule to cases where filing fee is never paid).[1] No reason exists why the "conditional filing" rule should not apply to Diana's motion.[2] We hold that Diana's motion was conditionally filed on November 2, and when the clerk received the filing fee on November 4, Diana's motion was deemed filed on November 2.

---

1. In *Jamar*, the supreme court stated that in "a long line of cases, this court has held that a document is 'filed' when it is tendered to the clerk, or otherwise put under the custody or control of the clerk." *Jamar*, 868 S.W.2d at 319 (citing *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex.1990); *Biffle v. Morton Rubber Indus., Inc.*, 785 S.W.2d 143 (Tex.1990); *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 681 (Tex.1979)).

2. Diana correctly asserts that the clerk's filing fee schedule does not specifically provide for a filing fee for a motion such as Diana's, but because of our holding, we need not further address that assertion.

■ As Jeffrey notes, a court should not, absent emergency or other rare circumstances, consider a motion until its filing fee has been paid. *See Garza*, 137 S.W.3d at 38; *Jamar*, 868 S.W.2d at 319 n. 3. Thus, while the probate court should not have considered Diana's motion until the filing fee was paid, that does not mean that it could ignore its conditional filing. The purpose of the conditional filing rule is to establish the date on which a document is filed in order to promote certainty for litigants. *See Garza*, 137 S.W.3d at 38. If a court could ignore the date on which a conditionally filed document is filed, the rule would be empty. In sum, while a court should not consider the substance of a conditionally filed motion until the filing fee is paid, it cannot ignore the date of its conditional filing.

In this case, Diana's motion for assignment of a statutory probate court judge was conditionally filed on November 2, but the probate court could not have granted her motion until Diana paid the filing fee on November 4. Under the express language of section 5(b–1), the probate court could not have granted Jeffrey's motion on November 3, to transfer the lawsuit to district court because Diana's motion was already conditionally filed. *See* TEX. PROB.CODE ANN. § 5(b–1). With respect to contested probate matters, section 5(b–1) appears to contemplate a probate court facing competing motions to transfer to district court and for assignment of a statutory probate court judge. *See id.* ("the county judge ... shall grant the motion [for assignment of a statutory probate court judge] and may not transfer the matter to the district court *unless the party withdraws the motion* ") (emphasis added). In such a situation, section 5(b–1) mandates the result: the probate court *shall* grant the motion for assignment of a statutory probate court judge and *may not* transfer the con-

tested matter to district court. *See id.* (emphasis added). Thus, in this case, the probate court abused its discretion by failing to correctly apply the law. *See In re Vorwerk*, 6 S.W.3d 781, 783–84 (Tex.App.-Austin 1999, orig. proceeding) (granting mandamus relief for failure of county court to assign statutory probate court judge to hear contested probate matter).

■ Diana must also establish that she lacks an adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig.proceeding). With the principles set out in *Prudential* governing our jurisprudential considerations, we find that Diana lacks an *adequate* remedy by appeal of the trial court's transfer of the lawsuit to district court. *See id.* at 135–39 (no adequate remedy by appeal where trial court refused to enforce contractual jury waiver); *In re AIU Ins. Co.*, 148 S.W.3d 109, 115–20 (Tex.2004) (orig.proceeding) (no adequate remedy by appeal where trial court refused to enforce contractual forum selection clause); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex.1992) (orig.proceeding) (no adequate remedy by appeal where trial court refused to enforce arbitration agreement to which Federal Arbitration Act applied); *Vorwerk*, 6 S.W.3d at 785 (no adequate remedy by appeal where probate court failed to grant motion for appointment of statutory probate court judge and instead transferred matter to district court). The probate court's transfer of the lawsuit to district court deprived Diana of her statutory right to the assignment of a statutory probate court judge.

Because Respondent abused his discretion and Diana has no adequate remedy at law, we grant the petition for writ of mandamus and order Respondent to vacate his order transferring the lawsuit to district court and to request an assignment of a

statutory probate court judge. We are confident that Respondent will comply with our ruling, so the writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has vacated the order transferring the lawsuit to district court and has requested an assignment of a statutory probate court judge.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

It has always been the accepted general rule that the trial court clerk does not proceed to file a pleading until the filing fee is paid. The Supreme Court did create an exception when the time of filing was critical to preserving a party's ability to pursue an appeal. This line of cases is easily distinguished in that the exception created relates to the preservation of the right of appeal.[1] The motion in our case does not impact the perfection of the right to an appeal for having the merits of the case reviewed, so the exception to the general rule created by the line of cases cited by the relator and the majority should not be applied to this case. As stated by the Texas Supreme Court in the last pronouncement of the policy for this line of cases, "We construe the Rules of Appellate Procedure liberally, so that decisions turn on substance rather than procedural technicality." *Garza,* 137 S.W.3d at 38. But the issue before us is entirely a rule of procedure, and the rules should be enforced—otherwise, chaos reigns.

There is one case in this line of cases with a secondary holding that is, however, applicable to our case. In *Garza,* the Texas Supreme Court notes that there are two effects of filing the motion. First, it sets the appellate time table. The holding on this issue is that the filing of the motion for new trial, even without the payment of the filing fee, extended the time within which a notice of appeal could be filed. The second holding was that the failure to timely pay the filing fee before the court lost its plenary power meant that the motion for new trial did not preserve the appellant's factual insufficiency complaint for review, because that issue was never properly made to the trial court. *Garza,* 137 S.W.3d at 38.

In our case, the real-party-in-interest filed its motion to transfer the case to a district court prior to the time the fee was paid on the relator's motion to transfer the case to a probate court. Thus, by the time the fee was paid for relator's motion, the trial court had lost the authority to do anything other than to grant the real-party-in-interest's motion. In effect, applying the second holding in *Garza,* the relator failed to preserve his right to have the case transferred to a probate court because, by the time the relator paid the filing fee, the real-party-in-interest had already filed a motion to transfer the case to a district court which the trial court had no option but to grant. Thus, by the time the relator paid the fee, the trial court had no authority to transfer the case to a probate court.

Relator did not pay the filing fee when the motion to transfer was first presented for filing. The natural result of this failure under the general rule is that the clerk did not file the motion. Before relator paid the filing fee and tendered the motion

---

1. *Garza v. Garcia,* 137 S.W.3d 36 (Tex.2004); *Tate v. E.I. DuPont de Nemours & Co., Inc.,* 934 S.W.2d 83 (Tex.1996); *Jamar v. Patterson,* 868 S.W.2d 318 (Tex.1993); *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corporation,* 787 S.W.2d 371 (Tex.1990); *Standard Fire Insurance Co. v. LaCoke,* 585 S.W.2d 678 (Tex. 1979); *Polley v. Odom,* 937 S.W.2d 623 (Tex. App.-Waco 1997, no writ).

to transfer the case[2] to a probate judge, a motion to transfer the case to a district judge was filed. *See* TEX. PROB.CODE ANN. § 5(b)(1) & (2) (Vernon Supp.2005). The appropriate fee was paid when the motion to transfer the case to a district judge was tendered for filing. The county judge did what any reasonable, analytical, rules-oriented person would have done—he granted the first properly filed motion to transfer the case. Indeed, it could be viewed as what we are determining is whether the district clerk should be compelled to give relator's motion a filing date prior to the date that it was actually filed.

At this Court, our clerk files everything tendered for filing and tries to collect the fees later if they are not paid at the time of filing. This is a matter of convenience because we do not have a way to keep track of pleadings that remain unfiled because the filing fee has not been paid. Our system has created its own set of problems. Just a few of those problems are (1) the clerk must act as a collection

agent for our Court, (2) there is different treatment by justices if the fee remains unpaid,[3] and (3) the need to write off uncollected filing fees.

I would not impose the system that we have chosen to use on all the trial court clerks. And I would not expand the exception to the rule which is applicable to documents which impact the timing of perfecting an appeal. By this holding, the exception, at least as to the date of filing, has now swallowed the rule.

### CONCLUSION

I do not find that the trial court abused its discretion. I would deny the petition for writ of mandamus.

---

2. I address only the issue the parties have presented and not the propriety of transferring the entire case, the entire probate proceeding, to the probate judge, rather than the contested portion of the probate case. *See* TEX. PROB.CODE ANN. § 5(b)(1) & (2) (Vernon Supp.2005).

3. The real-party-in-interest points out that because the fee had not been paid, the county

judge could not have properly considered or granted relator's motion to transfer at the time the motion to transfer filed by the real-party-in-interest was filed.