DISMISS; Opinion filed October 4, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-00880-CV

## J.E. SHAUNFIELD FAMILY LIMITED PARTNERSHIP, Appellant

## V.

## BMW OF DALLAS, Appellee

### On Appeal from the 95th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 09-07962

# MEMORANDUM OPINION

Before Chief Justice Wright and Justices Francis and Lang-Miers
Opinion By Chief Justice Wright

By letter dated July 30, 2012, the Court questioned its jurisdiction over this appeal. Specifically, we questioned the timeliness of appellant's notice of appeal. We directed appellant to file a jurisdictional brief explaining how the Court has jurisdiction and gave appellee an opportunity to file a response. Appellant filed a jurisdictional brief and appellee filed a response.

The trial court signed a final judgment on February 28, 2012. Appellant filed a timely motion for new trial on March 29, 2012. Accordingly, the notice of appeal was due on May 28, 2012, ninety days from the date the judgment was signed. *See* TEX. R. APP. P. 26.1(a)(1). Appellant filed its notice of appeal on June 26, 2012, twenty-nine days past the due date. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). We do not have the authority

to alter the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2.

In its jurisdictional brief, appellant explains that it filed its notice of appeal within thirty days of the trial court's order denying its motion for new trial. However, the deadline for filing a notice of appeal runs from the date the trial court signs the judgment, not from the date the trial court rules on a motion for new trial. *See* TEX. R. APP. P. 26.1. Appellant asks that we abide by the supreme court's policy to apply rules of procedure liberally to reach the merits of an appeal whenever possible. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (per curiam); *Crown Life Ins. Co. v. Estate of Gonzales*, 820 S.W.2d 121, 121-22 (Tex. 1991) (per curiam). These cases are not on point. In *Verburgt*, the supreme court held that a motion for extension of time is implied where a party, acting in good faith, files a cost bond within the fifteen day period for which the rule permits a party to file a motion for an extension. *Jamar* concerned what constitutes "filing" a motion for new trial for purposes of calculating the appellate timetable. Finally, *Crown Life Insurance* concerned allowing supplementation of the appellate record.

In its response, appellee points out that appellant filed its notice of appeal fourteen days after the last day to file an extension motion. Neither the appellate rules nor any of the cases cited by appellant allow this Court to disregard the deadlines for filing a notice of appeal. Because the notice of appeal was untimely filed, this Court lacks jurisdiction of this appeal. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

 

 

_____

CAROLYN WRIGHT

CHIEF JUSTICE

120880F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

J.E. SHAUNFIELD FAMILY LIMITED PARTNERSHIP, Appellant

No. 05-12-00880-CV      V.

BMW OF DALLAS, Appellee

Appeal from the 95th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. 09-07962).
Opinion delivered by Chief Justice Wright, Justices Francis and Lang-Miers, participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, BMW of Dallas, recover its costs of the appeal from appellant, J.E. Shaunfield Family Limited Partnership.

Judgment entered October 4, 2012.


_____
CAROLYN WRIGHT
CHIEF JUSTICE