In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00305-CV

_____

**D & K TRANSMISSION SPECIALTIES, INC., DARRELL WESTERKAMP, AND KELLY WESTERKAMP, Appellants**

**V.**

**F. MICHAEL DAVIS AND DEBORAH F. DAVIS, Appellees**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 14-28106 CV**

**ORDER**

On July 3, 2014, the trial court signed a judgment in favor of F. Michael Davis and Deborah F. Davis (appellees) "Granting Forcible Detainer and Writ of Possession" for possession of real property and evicting D & K Transmission Specialties, Inc., Darrell Westerkamp, and Kelly Westerkamp (appellants) from the property. Within ten days of the judgment, the appellants deposited $29,200 in the registry of the trial court as a cash deposit in lieu of a supersedeas bond. The

1

appellees asked the trial court to issue the writ of possession, notwithstanding the deposit, because the deposit was not a "proper supersedeas bond" under section 24.007 of the Texas Property Code. *See* Tex. Prop. Code Ann. § 24.007 (West Supp. 2014). The appellants filed a notice of appeal on July 8, 2014. A writ of possession issued on or about August 7, 2014. The appellees filed a motion to dismiss the appeal for mootness on the ground that only possession is at issue in the appeal and the judgment awarding possession is immediately enforceable because the appellants failed to supersede the judgment. The appellants filed motions for emergency relief in which they argue that the cash deposit was the equivalent of at least five months of rent, and asked this Court to determine the sufficiency of the amount of security. Appellants' motion also reflects that even though the writ of possession issued, it had not been executed. We temporarily stayed the writ of possession and directed the appellees to file a response. *See* Tex. R. App. P. 24.4(c). In their response, the appellees argue the judgment cannot be superseded because the appellants failed to comply with section 24.007 of the Texas Property Code. Additionally, the appellants do not indicate that execution on the writ of possession had occurred. Tex. Prop. Code Ann. § 24.007.

We "construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the

2

literal words of the rule." *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (a motion for new trial was filed on the date it was tendered to the trial court clerk, not the date the filing fee was paid). Likewise, we avoid constructions of statutes that defeat bona fide attempts to appeal. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). For instance, a party who files the wrong instrument may correct the error by substituting the correct instrument. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994).

Section 24.007 states:

A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

Tex. Prop. Code Ann. § 24.007. Accordingly, a party who wishes to appeal a judgment for possession of real property must file a supersedeas bond in an amount set by the court within ten days of the judgment. *Id*. Here, the appellants filed a cash deposit of $29,200.00 within ten days of the judgment. However, the trial court did not set the amount of security required to supersede the judgment, either in the judgment or upon request of the appellants.

3

A party may seek appellate review of the trial court's determination whether to permit suspension of enforcement of a judgment. *See* Tex. R. App. P. 24.4(a)(4). In this case, the appellants contend they attempted to supersede the judgment and writ of possession by filing a $29,200 deposit with the trial court and requesting the trial court to set the amount. Neither the Property Code nor the Rules of Appellate Procedure expressly require a party to request that the trial court set a bond; rather, the plain language of the statute states that the trial court "shall" set the amount. Tex. Prop. Code Ann. § 24.007. In this case, the trial court did not set the amount of the supersedeas bond in the judgment, so the appellants filed a deposit in what they considered to be an appropriate amount, calculated in part from the attorney's fees awarded in the judgment. The appellants were incorrect regarding the need to post an amount to supersede attorney's fees,[1] but it does not necessarily follow that their filing a deposit in an amount not set by the court or the trial court not setting the amount of the supersedeas bond (in the judgment or by direction to the parties) cannot be corrected, considering that the appellants made a cash deposit within ten days of the judgment in a bona fide attempt to supersede the judgment.

---

[1] The appellants based the deposit on the amount of attorney's fees awarded in the judgment. *But see In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 176 (Tex. 2013) (attorney's fees are neither compensatory damages nor costs for purposes of suspending enforcement of a money judgment).

The trial court retains continuing jurisdiction to order the amount and type of security. *See* Tex. R. App. P. 24.3(a). The appellate court may remand to the trial court for entry of findings of fact or for the taking of evidence. *See* Tex. R. App. P. 24.4(d). At this time, the appropriate remedy in this case is not dismissal of the appeal, but a remand to the trial court to order the appellant to post an amount based on the value of the property interest's rent or revenue. *See* Tex. R. App. P. 24.2(a)(2).

It is, therefore, ORDERED that the appeal is abated and the case is remanded to the trial court for a determination of the amount and type of security based on the value of the property interest's rent or revenue, for the anticipated time for appeal. *See* Tex. R. App. P. 24.2(a)(2). All appellate deadlines are suspended while the case is in the trial court. A supplemental record containing the trial court's order setting the amount of security, including any additional security ordered by the trial court, shall be filed with the Court of Appeals by **September 10, 2014**. Our order of August 14, 2014, remains in effect.

ORDER ENTERED August 21, 2014.

PER CURIAM

Before Kreger, Horton, and Johnson, JJ.