# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00367-CV

## In re Stephen J. Wagner

## ORIGINAL PROCEEDING FROM BLANCO COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Stephen J. Wagner filed a petition for writ of mandamus, complaining of the trial court's order transferring a contested probate proceeding to the district court. As explained below, we conditionally grant mandamus relief.

Imogene E. Wagner's will was admitted to probate in the Blanco County Constitutional County Court in December 2020. Relator and real parties in interest Ronald and Lynn Ann Wagner are named as beneficiaries in the will, and real party in interest Jerry Dennard was appointed independent executor of the will. On March 24, 2021, the real parties in interest filed suit against relator in the district court, alleging breach of fiduciary duty, breach of contract, fraud, and money had and received. Dennard also filed in the county court a motion to transfer the contested portion of the probate proceedings to the district court. On the same day, relator filed in the county court a motion to assign a statutory probate court judge. On March 29, the county court signed an order transferring the proceeding to district court. After the district court denied his motion asking to have the proceeding transferred back to county court, relator filed his petition for writ of mandamus.

The Texas Estates Code provides as follows:

(a) In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding, according to the motion:

(1) request the assignment of a statutory probate court judge to hear the contested matter, as provided by Section 25.0022, Government Code; or

(2) transfer the contested matter to the district court, which may then hear the contested matter as if originally filed in the district court.

(b) If a party to a probate proceeding files a motion for the assignment of a statutory probate court judge to hear a contested matter in the proceeding before the judge of the county court transfers the contested matter to a district court under this section, the county judge shall grant the motion for the assignment of a statutory probate court judge and may not transfer the matter to the district court unless the party withdraws the motion.

Tex. Est. Code § 32.003. And our sister court has explained:

With respect to contested probate matters, section 5(b-1) [now section 32.003(b)] appears to contemplate a probate court[1] facing competing motions to transfer to district court and for assignment of a statutory probate court judge. In such a situation, section 5(b-1) mandates the result: the probate court shall grant the motion for assignment of a statutory probate court judge and may not transfer the contested matter to district court.

*In re Lewis*, 185 S.W.3d 615, 618 (Tex. App.—Waco 2006, orig. proceeding) (citations omitted).

Under the clear language of section 32.003, the county court abused its discretion by signing the order transferring the contested probate matters to the district court rather than granting relator's motion for assignment of a statutory probate court judge. *See id*.; *see also*

---

[1] In *In re Lewis*, as in this case, the county had no statutory probate court or county court at law, and suit was therefore filed in "the constitutional county court, sitting in probate." 185 S.W.3d 615, 617 (Tex. App.—Waco 2006, orig. proceeding).

*In re Vorwerk*, 6 S.W.3d 781, 783-84 (Tex. App.—Austin 1999, orig. proceeding) (trial court abused its discretion in transferring probate case to district court rather than granting motion for assignment of statutory probate judge).

Dennard argues that relief should be denied because there is no evidence that relator presented his motion to the county court before the transfer order was signed. However, as relator notes, the statute imposes on a trial court the mandatory duty to request the assignment of a statutory probate judge *upon the filing of a motion* by a party—it does not require that the movant set the motion for a hearing or otherwise "present" the motion. *See* Tex. Est. Code § 32.003(a), (b); *In re McCown*, No. 10-20-00128-CV, 2020 WL 4875579, at *2 (Tex. App.—Waco Aug. 10, 2020, orig. proceeding) (mem. op.) ("The language of Section 32.003(b) is clear that the proceeding may not be transferred to district court if a party has filed a motion seeking the appointment of a statutory probate court judge.").

Dennard further asserts that relator is barred by laches from seeking relief because he complained of the transfer order not in the county court but in the district court, filing his "Plea to the Jurisdiction and Motion Objecting to Transfer to District Court and Requesting Return of Case to the Blanco County Court" on April 19, about three weeks after the transfer order was signed, and then allowing the motion to linger until July 23, when the district court dismissed it on Dennard's motion. However, although four months can amount to an unreasonable delay in some circumstances, *see, e.g.*, *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993), the parties here were engaged in settlement negotiations for several weeks, from soon after relator filed his objection in the district court until May 13, when discussions broke down and relator sent an email explaining that he was going to set his motion for a hearing and asking opposing counsel whether he preferred June 4, June 18, or July 23. Relator set the hearing for July 23 on opposing counsel's request and filed a notice of hearing on

3

May 17. Relator filed his petition for writ of mandamus on August 3, less than two weeks after the district court dismissed his motion objecting to the transfer. Given these circumstances, we hold that relator is not barred by laches from seeking relief.

Finally, Dennard asserts that relator should have asked the county court to vacate the transfer order while it retained plenary power but instead "allowed the [transfer order] to become a final and unappealable judgment or order," asserting that the order would have been appealable under the estates code. *See* Tex. Est. Code § 32.001(c) ("A final order issued by a probate court is appealable to the court of appeals.").

Because of the unique nature of probate cases, the estates code creates "special rules for what is appealable." *Crowson v. Wakeham*, 897 S.W.2d 779, 781 (Tex. 1995). The supreme court has provided a test for determining when a probate order is appealable:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory. For appellate purposes, it may be made final by a severance order, if it meets the severance criteria . . . .

*Id*. at 783. There is no express statute providing that a transfer decision is appealable, and as observed by this Court and our sister courts, under the *Crowson* test, a transfer order in a probate proceeding is interlocutory and not appealable. *See, e.g.*, *Blanchard v. McNeill*, No. 03-14-00511-CV, 2015 WL 307570, at *2 (Tex. App.—Austin Jan. 23, 2015, no pet.) (mem. op.), *op. withdrawn & superseded on reh'g without substantive changes*, 2015 WL 1546121; *In re Estate of Frame*, No. 06-10-00073-CV, 2010 WL 2931242, at *1 (Tex. App.—Texarkana July 28, 2010, no pet.) (mem. op.); *Forlano v. Joyner*, 906 S.W.2d 118, 120 (Tex. App.— Houston [1st Dist.] 1995, no writ). Nor would the district court's granting of Dennard's motion

4

to dismiss be appealable because it dismissed relator's "Plea to the Jurisdiction and Motion Objecting to Transfer."[2] *See Krumnow v. Krumnow*, 174 S.W.3d 820, 826 (Tex. App.—Waco 2005, pet. denied) ("An interlocutory appeal from an order denying a plea to the jurisdiction is available by statute only to governmental agencies.").

When the county court improperly transferred the matter to the district court, relator was deprived of his "statutory right to the assignment of a statutory probate court judge," a deprivation for which he lacks an adequate remedy by appeal. *See Lewis*, 185 S.W.3d at 618; *Vorwerk*, 6 S.W.3d at 785; *see also McCown*, 2020 WL 4875579, at *2 (granting mandamus relief when trial court "clearly abused its discretion by entering orders transferring these proceedings to the district court when there were pending motions seeking the appointment of a statutory probate court judge"). We conditionally grant mandamus relief with instructions to the county court to vacate the March 29, 2021 transfer order and request the appointment of a statutory probate judge.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: December 1, 2021

_____

[2] Dennard has filed a motion to dismiss, asserting that relator's petition for writ of mandamus is now moot because relator did not appeal from the district court's dismissal of his Plea to the Jurisdiction and Motion Objecting to Transfer and that the dismissal order is now final and unappealable, meaning there is "no longer a justiciable controversy between the parties regarding the validity of the transfer order." However, as we have explained, the dismissal of relator's objection to the transfer was not an appealable interlocutory order. We thus deny Dennard's motion to dismiss.