

# NUMBER 13-22-00509-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KATRINA KOHLEFFEL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa[1]

By petition for writ of mandamus, relator Katrina Kohleffel contends that the trial

court[2] abused its discretion by transferring a contested probate proceeding to the district

court after relator filed a motion requesting the appointment of a statutory probate court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number PR15544 in the County Court of Wharton County, Texas, and the respondent is the Honorable Phillip Spenrath. *See id.* R. 52.2.

judge. *See* TEX. EST. CODE ANN. § 32.003(b). We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

On September 2, 2022, real parties in interest Cody Kohleffel and Cordale Kohleffel filed an application to probate will and for letters testamentary in the County Court of Wharton County, Texas. According to the application, the decedent, Allen J. Kohleffel, had passed away on August 22, 2022, and his will, dated September 30, 2020, named the real parties as independent co-executors of the will.

On October 12, 2022, relator filed an "Application to Set Aside Homestead and Exempt Property." *See id.* § 353.051 (requiring the court to set aside the homestead and exempt property for the use and benefit of the decedent's surviving spouse and minor children). According to the application, relator and the decedent were married in 1991 and had filed respective divorce petitions but were still married at the time of the decedent's death. The application stated that the will appointed the couple's two sons as executors and beneficiaries of the decedent's will. The application further provided that Wharton County does not have a statutory probate court or a county court at law to exercise original probate jurisdiction, thus relator stated that her application was filed contemporaneously with a motion to request the appointment of a statutory probate judge. The application specified: "Upon the order granting her Request to Appoint, [relator] intends that this Application be heard as a contested matter before the statutory probate judge to set aside certain exempt property, including [relator] and Decedent's homestead,

2

even before the Inventory, Appraisement, and List of Claims of the Estate are approved."

Relator also attempted to file a "Motion to Request Appointment of Statutory Probate Judge" pursuant to estates code § 32.003, as previously mentioned, along with a proposed "Order for Appointment of Statutory Probate Judge." On October 14, 2022, at 9:47 a.m., the Wharton County Clerk's Office returned this motion for insufficient fees because the filing fee of $2.00 for the order was missing. The return notice indicates that relator submitted the motion on October 12, 2022, at 1:36 p.m. The return further states, "Another order came in from attorney of the estate to transfer to [district] court, the [county] judge has just signed this order." At the same time, the Wharton County Clerk's Office returned the proposed order for insufficient fees. Later that same day on October 14, 2022, at 2:30 p.m., the Wharton County Clerk's Office returned the motion to request appointment of statutory probate judge on the stated grounds that the document had been addressed to the "[w]rong [c]lerk/[l]ocation" and informing relator that, "[t]his case has been [transferred] to [the] Wharton County District Clerk" and "will need to be filed there." The return notice from the clerk included the new case number in district court. At the same time, the clerk returned the proposed order for the same reasons.

In the intervening period between relator's attempted filing of her motion to appoint a statutory probate judge and the motion's return by the clerk, on October 13, 2022, real parties filed a "Motion to Transfer Contested Matter to District Court" on grounds that "[t]his is a contested probate proceeding." On October 14, 2022, the trial court granted the real parties' motion and transferred the case to the District Court of Wharton County.

3

That same day, the county clerk issued the transfer certificate regarding the transfer to district court.

This original proceeding ensued on October 21, 2022. By two issues, relator asserts: (1) the trial court abused its discretion by transferring a contested probate proceeding to the district court after relator filed a motion seeking appointment of a statutory probate court judge; and (2) she lacks an adequate remedy by appeal. This Court requested and received a response to the petition for writ of mandamus from the real parties in interest. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The real parties assert that:

> Relator claims to have moved for the assignment of a statutory probate judge pursuant to [Texas Estates Code] § 32.003(c). . . . Section 32.003(c) is a mechanism that permits the filing of a motion for the assignment of a statutory probate court judge before a probate matter becomes contested and provides that the motion is to be given effect if the matter later becomes contested. Relator does not demonstrate the existence of an actual contested probate matter and expressly disclaimed the existence of an actual contested probate matter in her Motion.

Further, relator has filed a reply in support of her petition for writ of mandamus.

## II.     STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833,

4

839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.    ANALYSIS

Relator contends that a constitutional county court cannot transfer a contested probate matter to the district court if a party has already filed a motion seeking the appointment of a statutory probate court judge. In contrast, the real parties allege that relator is not entitled to the requested transfer because she did not demonstrate the existence of an actual contested probate matter and argue that "[t]here is no evidence of a contested matter that would allow present exercise of jurisdiction by a statutory probate court judge."

### A.    Section 32.003

The parties' contentions concern § 32.003 of the Texas Estates Code, entitled "Jurisdiction of Contested Probate Proceeding in County with No Statutory Probate Court or Statutory County Court," which provides in relevant part:

> (a)    In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding, according to the motion:
>
> > (1)    request the assignment of a statutory probate court judge to hear the contested matter, as provided by Section 25.0022, Government Code; or

5

(2)     transfer the contested matter to the district court, which may then hear the contested matter as if originally filed in the district court.

(b)     If a party to a probate proceeding files a motion for the assignment of a statutory probate court judge to hear a contested matter in the proceeding before the judge of the county court transfers the contested matter to a district court under this section, the county judge shall grant the motion for the assignment of a statutory probate court judge and may not transfer the matter to the district court unless the party withdraws the motion.

TEX. EST. CODE ANN. § 32.003(a), (b). It is an abuse of discretion, correctable by mandamus, to transfer a case to district court rather than granting a motion for the assignment of a statutory probate court judge. *In re Lewis*, 185 S.W.3d 615, 618 (Tex. App.—Waco 2006, orig. proceeding); *In re Vorwerk*, 6 S.W.3d 781, 783 (Tex. App.—Austin 1999, orig. proceeding); *see also In re Wagner*, No. 03-21-00367-CV, 2021 WL 5611497, at *1 (Tex. App.—Austin Dec. 1, 2021, orig. proceeding) (mem. op.) (stating that the statute imposes on a trial court the mandatory duty to request the assignment of a statutory probate judge upon the filing of a motion by a party—it does not require that the movant set the motion for a hearing or otherwise "present" the motion); *In re McCown*, No. 10-20-00128-CV, 2020 WL 4875579, at *2 (Tex. App.—Waco Aug. 10, 2020, orig. proceeding) (mem. op.) ("The language of Section 32.003(b) is clear that the proceeding may not be transferred to district court if a party has filed a motion seeking the appointment of a statutory probate court judge.").

## B.     Contested Matter

Section 32.003 of the estates code does not define the phrase "contested matter."

TEX. EST. CODE ANN. § 32.003. However, case law instructs us that a probate matter is considered contested when the pleadings include "sufficient facts to show some reasonable grounds for the belief that there are two or more parties or claimants to assets of an estate and there is a bona fide controversy between them concerning those assets," or stated otherwise, when "the pleadings on file demonstrate that the parties to the suit have adopted adversary positions." *Sivley v. Sivley*, 972 S.W.2d 850, 856 (Tex. App.—Tyler 1998, no pet.); *see Lesley v. Lesley*, 664 S.W.2d 437, 439 (Tex. App.—Fort Worth 1984, no writ); *Jackson v. Thompson*, 610 S.W.2d 519, 522 (Tex. App.—Houston [1st Dist.] 1980, no writ); *Brown v. Crockett*, 601 S.W.2d 188, 190 (Tex. App.—Austin 1980, no writ); *see also In re Surovik*, No. 07-20-00371-CV, 2021 WL 865205, at *3 (Tex. App.—Amarillo Mar. 8, 2021, orig. proceeding [mand. denied]) (mem. op.) (stating that the trial judge "had no discretion not to transfer a contested probate matter on [the applicant's] motion if any matter was contested at the time"); *In re Estate of Treviño*, No. 04-13-00404-CV, 2013 WL 5950138, at *3 (Tex. App.—San Antonio Nov. 6, 2013, orig. proceeding) (mem. op.) ("We hold that, in keeping with the plain language of the [Estates] Code provision, the right of transfer to the district court did not arise until the matter was, in fact, contested by another party.").

Although real parties allege that relator's pleadings did not establish that the underlying proceeding constituted a contested matter, the real parties' own pleadings belie their claim. The real parties' "Motion to Transfer Contested Matter to District Court" states explicitly that "[t]his is a contested probate proceeding." Leaving this aside, examining the

7

relator's "Application to Set Aside Homestead and Exempt Property," relator stated that she "intends that this Application be heard as a contested matter," and further alleged:

5. The Inventory will show that Decedent and Kohleffel own a community property interest in their homestead. In advance of the filing of an inventory, Kohleffel presents her Verified Affidavit of Exempt Property which is attached as Exhibit A and is incorporated by reference ("Homestead"). Additionally, Kohleffel has property received during their marriage as her separate property yet titled in both their names, including the Cassady property.

6. Decedent and Kohleffel also own a community property interest in household furnishings and personal effects; farming and ranch vehicles and implements; tools, equipment, books and apparatus, including motor vehicles used in our farming and ranching business; [sixty] head of cattle; and other types of livestock, all of which include property that is exempt under Texas law as reflected, in part, in the equipment list attached as Exhibit A-2 which is incorporated by reference ("Exempt Property"). The Exempt Property identified as being in the Estate is exempt and should be set aside as not belonging to the Estate.

7. The Homestead should be set aside for the use and benefit of Kohleffel pursuant to § 353.051(a)(1).

8. The Exempt Property should be set aside for the use and benefit of Kohleffel pursuant to § 353.051(a)(2). Upon information and belief[,] all other property in which the Estate has an interest is community property which is held by undivided ownership of Kohleffel and the Estate each of which own 50% of the property interests—both real and personal—as co-owners.

As stated previously, the real parties were the beneficiaries of the decedent's estate, and in this pleading relator seeks her share of the marital community property, both real and personal, and seeks property that she characterizes as her separate property, "yet titled in both their names." We conclude that relator's pleadings include sufficient facts to show some reasonable grounds for the belief that both she and the real parties are claimants

8

to the assets of the decedent's estate and that there is a bona fide controversy between them concerning those assets. *See Sivley*, 972 S.W.2d at 856; *Lesley*, 664 S.W.2d at 439. We thus reject real parties' contention that this matter was uncontested.

**C.   Filing**

We turn our attention to the filing sequence. In this regard, the real parties assert that the relator "claims to have filed" the motion to request appointment of statutory probate judge.

With two exceptions not relevant here, "[a]n electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider." TEX. R. CIV. P. 21(f)(5); *see Hall v. Lewis*, 639 S.W.3d 197, 207 (Tex. App.—Houston [1st Dist.] 2021, no pet.). "The clerk may not refuse to file a document that fails to conform with this rule. But the clerk may identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format." TEX. R. CIV. P. 21(f)(11); *see Nevarez Law Firm, P.C. v. Inv'r Land Servs., L.L.C.*, 610 S.W.3d 567, 570 (Tex. App.—El Paso 2020, no pet.). In this regard, a pleading seeking affirmative relief is considered conditionally filed until the required filing fee is paid. *Garza v. Garcia*, 137 S.W.3d 36, 37 (Tex. 2004); *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex. 1996) (per curiam); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (per curiam); *In re C.A.S.*, 128 S.W.3d 681, 686 (Tex. App.—Dallas 2003, orig. proceeding). Our sister court of appeals in Waco has applied the concept of conditional filing to a case arising under the predecessor statute to § 32.003. *See In re Lewis*, 185 S.W.3d at 616–19.

9

In *Lewis*, the plaintiff filed a probate proceeding against the executrix of an estate in a county court. *Id.* at 616. The county clerk received, but did not file, the executrix's motion for appointment of a statutory probate court judge because the executrix did not pay the filing fee for the motion. *Id.* at 617. The plaintiff filed a motion to transfer the case to district court. *Id.* The probate court signed an order granting the transfer to district court. *Id.* By original proceeding filed in the appellate court, the executrix claimed that the transfer was improper and that a statutory probate court judge should be assigned to hear the case because the executrix filed her request first. *Id.* at 616. The appellate court concluded that the probate court was not free to ignore the executrix's conditional filing because "[t]he purpose of the conditional filing rule is to establish the date on which a document is filed in order to promote certainty for litigants," and "[i]f a court could ignore the date on which a conditionally filed document is filed, the rule would be empty." *Id.* at 618. The court explained that the section "appears to contemplate a probate court facing competing motions to transfer to district court and for assignment of a statutory probate court judge." *Id.* "In such a situation, [the statute] mandates the result: the probate court *shall* grant the motion for assignment of a statutory probate court judge and *may not* transfer the contested matter to district court." *Id.* The court explained that although the executrix did not pay the filing fee until after the judge signed the transfer order, it was nonetheless "conditionally" filed first and thus had priority because once the clerk received the filing fee, the executrix's motion was deemed to have been properly filed before the transfer motion. *Id.* The court thus concluded that the trial court abused its discretion by

10

failing to correctly apply the statutory directive. *Id.* Thus, the executrix was entitled to mandamus relief. *Id.* The court further concluded that the executrix lacked an adequate remedy at law because the error deprived the executrix of the "statutory right to the assignment of a statutory probate court judge." *Id.*

**D.     Summary**

According to Rule 21(f)(5), relator filed her motion when she tendered the motion by transmitting it to her e-filing service provider. *See* TEX. R. CIV. P. 21(f)(5). However, because she did not pay the fee, the motion was conditionally filed. *See Garza*, 137 S.W.3d at 37–38; *Jamar*, 868 S.W.2d at 318–19. The trial court was not free to ignore the conditional filing. *See In re Lewis*, 185 S.W.3d at 616–19. Under the express language of the statute, the probate court could not have granted the real parties' motion to transfer the lawsuit to district court because relator's motion for the appointment of a statutory probate judge had already been conditionally filed. *See* TEX. EST. CODE ANN. § 32.003(b); *In re Lewis*, 185 S.W.3d at 616–19. We conclude that the trial court abused its discretion by granting the real parties' motion, and thus we sustain relator's first issue.

In her second issue, relator contends that she lacks an adequate remedy by appeal to address this error. When the county court improperly transferred the matter to the district court, relator was deprived of her "statutory right to the assignment of a statutory probate court judge," a deprivation for which she lacks an adequate remedy by appeal. *See In re Lewis*, 185 S.W.3d at 618; *In re Vorwerk*, 6 S.W.3d at 785; *see also In re Wagner*, 2021 WL 5611497, at *3. We sustain relator's second issue.

11

## IV.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relator has met her burden to obtain relief. Because the trial court abused its discretion and relator has no adequate remedy at law, we conditionally grant the petition for writ of mandamus and order the trial court to vacate its order transferring the lawsuit to district court and to request an assignment of a statutory probate court judge. We are confident that the trial court will comply with our ruling, so the writ will issue only if the trial court fails to do so.

LETICIA HINOJOSA
Justice

Delivered and filed on the
18th day of November, 2022.