Lisque R. LESLEY, Appellant,

v.

Jack LESLEY, Guardian of Person & Estate of Renfro Lesley, Appellee.

No. 2–83–129–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 26, 1984.

Sanders, Masters, Watson & Brown and Marvin H. Brown, Wichita Falls, for appellant.

Johnson, Balch & Associates, P.C., and Robert J. Balch, Wichita Falls, for appellee.

Before HUGHES, ASHWORTH and HILL, JJ.

## OPINION

ASHWORTH, Justice.

Lisque R. Lesley appeals an order of a constitutional county court transferring a guardianship proceeding to another county, in preference to a prior filed motion seeking transfer of the guardianship to the district court in the same county.

Reversed and remanded.

Jack Lesley, son of Renfro Lesley, instituted guardianship proceedings of his father in Wichita County. It was alleged that Renfro was a resident of Wichita County, that his principal estate was located there, that his wife, Lisque Lesley had no objection to the guardianship, and that Jack resided in Travis County.

Jack was appointed guardian and filed his inventory, appraisement, and list of claims. Shortly thereafter, Lisque filed a contest of such inventory and appraisement, and from that time on, each was contesting the claims of the other with regard to the ward's estate.

On March 21, 1983, Lisque filed her motion to transfer contested matters to the District Court of Wichita County, in accordance with TEX.PROB.CODE ANN. § 5(b) (Vernon 1980).

On April 11, 1983, Jack filed his motion to remove the guardianship proceedings to Travis County in accordance with TEX. PROB.CODE ANN. § 121 (Vernon 1980).

On April 29, 1983, the Wichita County Court held a hearing on both motions, and

on June 28, 1983, denied Lisque's motion to transfer contested matters to the Wichita County District Court, and granted Jack's motion to transfer the guardianship to the Statutory Probate Court of Travis County.

■ Section 5(b) provides in part:

In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that *in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court,* which may then hear such proceeding as if originally filed in such court.... Upon resolution of all pending contested matters, the probate proceeding shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court. [Emphasis supplied.]

Section 121 provides in part:

(a) When a guardian, or any other person, desires to remove the transaction of the business of the guardianship from one county to another, he shall file in the court where such guardianship is pending a written application asking authority to do so, and shall state in such application his reason for desiring such removal.

\*     \*     \*     \*     \*     \*

(d) Upon the hearing of the application, if no good cause be shown to the contrary, and if it appears that the removal of the guardianship would be to the best interest of the ward, the court shall enter an order authorizing such removal ...

In order for § 5(b) to apply to this case, it is necessary to first determine the basic question of whether a guardianship is a probate matter. The answer to this elementary question is found in TEX.PROB. CODE ANN. § 3(bb) (Vernon 1980) which states,

"Probate matter," "Probate proceedings," "Proceeding in probate," and "Proceedings for probate" are synonymous and include a matter or proceeding relating to guardianship, as well as a matter or proceeding relating to the estate of a decedent, and proceedings regarding incompetents.

We hold a guardianship is a probate matter.

We must now determine if this case involves a contested matter. While there is no statement of facts on this appeal, the transcript reveals that this matter became contested shortly after the filing of the guardian's inventory and appraisement, when Lisque filed a contest to the same. This contest was then countered by Jack, and Lisque was ordered to file her inventory of separate and community property. As of the date of the trial court's order, the estate of the ward had still not been established.

■ A contest exists when a pleading is filed which sets out sufficient facts to show some reasonable grounds for the belief that there are two or more parties or claimants to assets of an estate and that there is a bona fide controversy between them concerning those assets. *Brown v. Crockett,* 601 S.W.2d 188 (Tex.Civ.App.— Austin 1980, no writ). A probate matter is contested when the pleadings on file demonstrate that the parties to the suit have adopted adversary positions. *Jackson v. Thompson,* 610 S.W.2d 519 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ).

■ Having determined this case involves contested probate matters in a constitutional county court, and that a motion for removal to the district court had been made, we must determine if the action of the county judge in granting a subsequently filed motion to transfer pursuant to § 121 was proper. The words of § 5(b) are clear and it is apparent the Legislature

intended the transfer to be mandatory by using the word "shall". The county judge had no discretion in the matter and was bound to transfer the case to the district court for resolution of the contested matters. *McDonald v. Dunn,* 570 S.W.2d 248 (Tex.Civ.App.—Waco 1978, no writ).

The order of the trial court is reversed and the case is remanded for rendition of an order transferring the cause to the District Court, Wichita County, for resolution of the contested matters. Costs in the trial court pertaining to the motion to transfer to Travis County, and costs of this appeal are charged to Jack Lesley, individually.