

# NUMBER 13-23-00157-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOAN B. JANSKY AND LONNIE D. JANSKY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

On April 25, 2023, relators Joan B. Jansky and Lonnie D. Jansky filed a petition for writ of mandamus through which they assert that the district court[2] lacks jurisdiction over a guardianship proceeding regarding an adult proposed ward, J.D.J. We conditionally grant the petition for writ of mandamus in part and deny it in part as stated

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2208-16745 in the 24th District Court of Jackson County, Texas, and the respondent is the Honorable Kemper Stephen Williams, who is the acting judge for the case. *See id.* R. 52.2.

herein.

## I. MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). However, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

## II. BACKGROUND

We briefly examine the factual underpinnings of this case. Proposed ward J.D.J. and Joan are married. They do not have any children together; however, it is neither J.D.J.'s nor Joan's first marriage. J.D.J. has two adult sons from his first marriage, Lonnie and Steven Jansky, and one adult daughter, Nicole Barrett, from his second marriage. Joan has two adult sons from her first marriage, Tommy Buchanan and John Buchanan. Joan has a sister, Lois Ferguson.

On or about July 28, 2022, J.D.J. acting though his "authorized agents" Nicole and

2

Lonnie, filed an original petition for divorce against Joan in the 24th District Court of Jackson County, Texas. Nicole and Lonnie alleged that they were acting on behalf of J.D.J. pursuant to a statutory durable power of attorney dated April 11, 2022. The petition stated that the marriage had been rendered "insupportable because of discord or conflict of personalities" between J.D.J. and Joan and stated that Joan "is guilty of cruel treatment toward [J.D.J.]." Through this pleading, J.D.J. also sought a temporary restraining order against Joan and Lois prohibiting them from contacting him or transferring or concealing the parties' assets.

On or about August 30, 2022, Lois filed an application seeking to be appointed as the temporary guardian for the person and estate of J.D.J. in the County Court of Jackson County, Texas. Lois alleged that J.D.J. was unable to care for himself, administer his own finances, or communicate with others. Lois explained:

> The facts and reasons that support the requested powers are as follows: [J.D.J.] is suffering from dementia and his children removed him from his home, have secreted him, and refuse to allow [his] family access to him. Furthermore, [J.D.J.'s] children, acting under a power of attorney, filed a divorce between [J.D.J.] and [Joan] on July 28, 2022 . . . . To date, [J.D.J.] has not appeared in Court for said divorce. [J.D.J.] is not able to care for himself or administer his own finances.

Lois stated that it was "possible" for J.D.J. "to be taken advantage of both physically and financially," and asserted that J.D.J.'s estate was valued at approximately $1,800,000.

Later that same day, the judge of the county court transferred the guardianship proceeding to the district court. The county court's order, entitled "Transfer of Contested Guardianship Matter to the District Court of Jackson County, Texas," provides that the transfer of the case to district court was made "under the authority of, and pursuant to,

3

§ 1022.003(a) of the Texas Estates Code." *See* TEX. EST. CODE ANN. § 1022.003(a)(2) (stating that "when a matter in a guardianship proceeding is contested, the judge of the county court may, on the judge's own motion . . . transfer the contested matter to the district court"). The county court concluded that "it would be in the best interest of the parties and that justice would be served by the above contested guardianship matter being transferred" to district court.

Guardianship proceedings commenced in district court. Nicole objected to Lois's application for guardianship and filed an emergency counterapplication. Nicole requested that she be appointed as the guardian of the person and estate of J.D.J. and sought temporary and permanent injunctive relief against Joan and Lois. According to Nicole, Joan and Lois had violated multiple provisions of a previous restraining order rendered against them by, *inter alia*, changing the locks on J.D.J.'s home. Joan thereafter objected to Nicole's application and requested the appointment of a "private professional guardian" for J.D.J. Ultimately, after further proceedings, an attorney ad litem for J.D.J. concluded that a permanent guardianship for J.D.J. was necessary and that Nicole was qualified to serve as guardian of J.D.J.'s person and estate.

On December 9, 2022, the district court issued an "Order Appointing Guardian of the Person and Estate and Granting of Permanent Injunction." This order stated that J.D.J. was totally incapacitated and, *inter alia*, appointed Nicole as permanent guardian of the person and estate of J.D.J., ordered her to post a bond of $80,000, ordered the payment of attorney ad litem fees in the amount of $2,000, and enjoined Joan and Lois from communicating with J.D.J. or "[d]estroying, removing, concealing, encumbering,

4

transferring, or otherwise harming or reducing the value of the property of one or both of the parties."

On or about January 9, 2023, Lonnie filed an "Amended Application to Appoint Guardian Ad Litem, Motion to Remove Guardian, Application for Appointment of Temporary and Permanent Guardian of the Person and Estate, or in the Alternative Motion for Temporary Injunction." Lonnie alleged that the guardianship was invalid, Nicole was unsuitable to act as guardian, and the guardianship was awarded without proper notice to the adult children of the proposed ward under § 1051.104 of the estates code. *Id.* § 1051.104. Lonnie alternatively sought a temporary injunction preventing Nicole from transferring assets belonging to either Joan or J.D.J.

On January 17, 2023, Joan filed a "Motion to Assign a Statutory Probate Court Judge and to Transfer Contested Guardianship Matter to a Statutory Probate Court." This motion stated that a hearing had yet to be ordered on Lonnie's motion, and that "it would be in the best interest of the parties and justice would be served, by assigning a statutory probate court judge and transferring the above contested guardianship matter to a statutory probate court."

On February 1, 2023, the district court denied all of Lonnie's requested relief and denied Joan's motion to transfer the contested guardianship matter to a statutory probate court.

On April 25, 2023, this original proceeding ensued. Relators assert by three issues that the district court lacks jurisdiction over the guardianship proceeding because: (1) J.D.J. was never served with citation; (2) J.D.J.'s adult children did not receive notice

5

of the proposed guardianship proceeding; and (3) the county court transferred the matter to the district court "in the absence of statutory authority to do so." Relators request that we direct the district court "to vacate all orders entered in this guardianship and . . . return the guardianship case to the county court to request the appointment of a statutory probate court judge." This Court requested that the real parties in interest file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8. On May 3, 2023, Nicole filed a response to the petition for writ of mandamus; however, the other real parties did not favor the Court with responses. Relators further filed a reply brief in response to Nicole's contentions.

### III.    ANALYSIS

In their first issue, relators assert that the district court lacks jurisdiction over the guardianship proceeding because the proposed ward was never served with citation. In Nicole's response to the petition for writ of mandamus, she concedes that J.D.J. was not served with the application for guardianship, and thus acknowledges that the order at issue is void. We review the applicable law.

Chapter 1051 of the Estates Code governs the issuance of notice and service of process in guardianship proceedings. *See* TEX. EST. CODE ANN. §§ 1051.001–.253. Section 1051.103, entitled "Service of Citation for Application for Guardianship," requires a sheriff or other officer to personally serve citation to appear and answer an application for guardianship on five categories of persons, including "a proposed ward who is 12 years of age or older." *Id.* § 1051.103(a)(1); *see Guardianship of Fairley*, 650 S.W.3d 372, 382 (Tex. 2022). Absent circumstances that are not present here, the failure to personally

6

serve an application for guardianship on a proposed ward deprives the court of jurisdiction. *See Guardianship of Fairley*, 650 S.W.3d at 389 (collecting cases). Given that J.D.J was not served with citation as required by the estates code, we conclude that the district court lacked personal jurisdiction over J.D.J. Therefore, the guardianship order and subsequent orders are void. *See id.*; *Gauci v. Gauci*, 471 S.W.3d 899, 902 (Tex. App.—Houston [1st Dist.] 2015, no pet.). We sustain relators' first issue.

At this point, we must determine whether to address relators' remaining issues. Nicole asserts that our resolution of relators' first issue is dispositive, thus "it is not necessary for the Court to reach the other issues presented." She requests this "Court to conditionally grant the writ of mandamus and return the case to the [district] court for appropriate orders." By reply brief, relators state that they "disagree with [Nicole's] assertion" that the resolution of their first issue disposes of their second and third issues. Relators offer no argument or authority in support of this position.

When granting relief in an original proceeding, "the court must hand down an opinion as in any other case." TEX. R. APP. P. 52.8(d). "Such an opinion must address 'every issue raised and necessary to final disposition of the appeal.'" *In re Brown*, 653 S.W.3d 721, 722 (Tex. 2022) (orig. proceeding) (per curiam) (quoting TEX. R. APP. P. 47.1). Having sustained relators' first issue, we need not address relators' second issue asserting that the district court lacked jurisdiction to appoint a guardian because two of J.D.J.'s adult children did not receive notice of the guardianship application. *See* TEX. EST. CODE ANN. § 1051.104(a)(1) (requiring a person filing an application for guardianship to notify each adult child of the proposed ward). We have already determined that the

7

guardianship order was void, and relators' second issue, if sustained, would produce the same result. Accordingly, any discussion of relators' second issue is unnecessary. *See* TEX. R. APP. P. 47.1, 52.8.

Through their third issue, relators argue that the county court transferred the matter to the district court "in the absence of statutory authority to do so." They contend that the district court never acquired jurisdiction over the guardianship because it was uncontested when the county court transferred the guardianship to district court. We conclude that relators have failed to meet their burden to obtain mandamus relief regarding their third issue. *See* TEX. EST. CODE ANN. § 1022.003(a); *Lesley v. Lesley*, 664 S.W.2d 437, 439 (Tex. App.—Fort Worth 1984, no writ); *see also In re Kohleffel*, No. 13-22-00509-CV, 2022 WL 17082675, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 18, 2022, orig. proceeding) (mem. op.) ("Although real parties allege that relator's pleadings did not establish that the underlying proceeding constituted a contested matter, the real parties' own pleadings bely their claim."). We note, in this regard, that relators did not seek relief against the county court by mandamus or otherwise. Accordingly, we overrule relators' third issue. *See* TEX. R. APP. P. 52.8(d) ("When denying relief [in an original proceeding,] the court may hand down an opinion but is not required to do so.").

## IV.   CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Nicole, and the applicable law, is of the opinion that relators have met their burden of proof to obtain mandamus relief in part, as stated herein. We conditionally grant the petition for writ of mandamus as stated above, and we direct the

8

district court to vacate its guardianship order, and any following orders, as void. Our writ will issue only if the district court fails to comply. We deny the petition for writ of mandamus, in part, as to all other relief sought in this original proceeding. Given our resolution of this matter, relators' emergency motion to stay, which was previously carried with the case, is dismissed as moot.

JAIME TIJERINA
Justice

Delivered and filed on the
31st day of May, 2023.