

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-22-00346-CV

_____

IN THE GUARDIANSHIP OF LILA CARR RATHEAL, AN ADULT

On Appeal from the County Court
Lubbock County, Texas
Trial Court No. CC-2022-GD-0048, Honorable Curtis A. Parrish, Presiding

July 31, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

This is an appeal from the county court's final order appointing Carolyn Michelle Virissimo as permanent guardian over the person and estate of her mother, Lila Carr Ratheal. We reverse and remand.

## BACKGROUND

On August 24, 2022, Virissimo initiated this guardianship proceeding seeking to be appointed the temporary guardian over the person and estate of her 88-year-old mother, Ratheal. On August 25, 2022, the court appointed Dane Norman as attorney ad litem to represent Ratheal's interests. The court investigator conducted an investigation

and recommended the appointment of Virissimo as temporary guardian. On August 31, 2022, the trial court determined that a guardian was needed and appointed Virissimo to serve as temporary guardian until October 30, 2022.

In September, Ratheal was evaluated by a neurologist, who diagnosed her as suffering from dementia with psychosis. In his certificate of medical examination for the court, the neurologist noted that Ratheal has multiple cognitive deficits. He concluded that she is totally without capacity to care for herself and to manage her property.

On October 5, 2022, Virissimo filed an application to be appointed as Ratheal's permanent guardian. The hearing was set for October 19. On October 18, attorney Ryan Gentry filed a notice of appearance as counsel for Ratheal, along with a motion to transfer the matter to the county court at law pursuant to Chapter 32 of the Texas Estates Code. The motion recited that "[t]his matter is contested as the Proposed Ward does not want a guardian appointed for her and does not believe that a permanent guardian is necessary."

Virissimo filed a motion for continuance and requested a hearing to determine whether Ratheal had the capacity to contract and retain her own counsel. The county court granted the motion for continuance and set a hearing for October 26 to determine Ratheal's capacity. Gentry filed an objection to the hearing, arguing that the county court had no jurisdiction but to transfer the case under section 32.004 of the Estates Code. *See* TEX. EST. CODE ANN. § 32.004(a) ("In a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court . . .

2

shall, on the motion of any party to the proceeding, transfer the contested matter to the county court at law.").[1]

On October 26, the county court held a hearing to determine Ratheal's capacity to contract. *See* TEX. EST. CODE ANN. § 1054.006. Gentry objected to the proceedings, arguing that the county court lacked jurisdiction because he had filed a motion to transfer.[2] His objection was overruled. During the hearing, Virissimo presented evidence to support her contention that Ratheal did not have the capacity to hire an attorney. Ratheal's neurologist and Ratheal herself testified. At the conclusion of the hearing, the trial court announced, "It is the order of the Court that the proposed ward does not have capacity to contract." That same day, the court heard the application to convert the temporary guardianship to a permanent guardianship and signed its order appointing Virissimo as permanent guardian of Ratheal's person and estate. Gentry then filed this appeal.

## ANALYSIS

In his first issue, Gentry argues that once the motion to transfer was filed, the constitutional county court was required to transfer the case and thus did not have jurisdiction to consider the application to determine incapacity and appoint a guardian. Because the issue involves construction or interpretation of a statute, which is a question

---

[1] Although Gentry cites to section 32.004 of the Estates Code, that statute applies to probate proceedings, not guardianship proceedings. However, a similar statute provides for the transfer of contested matters in guardianship proceedings. *See* TEX. EST. CODE ANN. § 1022.004(a).

[2] Gentry also argued that the sole method to challenge his authority was via Rule 12 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 12 (authorizing party by sworn motion to challenge authority of attorney to prosecute or defend action).

3

of law, we apply a de novo standard of review. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

"In a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, when a matter in a guardianship proceeding is contested, the judge of the county court . . . *shall*, on the motion of any party to the proceeding, transfer the contested matter to the county court at law." TEX. EST. CODE ANN. § 1022.004(a) (emphasis added). Although the Estates Code does not define the phrase "contested matter," case law instructs us that a probate matter is considered contested when the pleadings include "sufficient facts to show some reasonable grounds for the belief that there are two or more parties or claimants to the assets of an estate and there is a bona fide controversy between them concerning those assets," or, stated differently, when "the pleadings on file demonstrate that the parties to the suit have adopted adversary positions." *Sivley v. Sivley*, 972 S.W.2d 850, 856 (Tex. App.—Tyler 1998, no pet.); *see also Lesley v. Lesley*, 664 S.W.2d 437, 439 (Tex. App.—Fort Worth 1984, no writ). A guardianship matter should likewise be considered "contested" when the pleadings demonstrate that the parties have adopted adversary positions. The pleading filed by Gentry clearly asserts that the guardianship proceeding is contested, as it specifically claims that Ratheal is opposed to the appointment of a permanent guardian.

Because the guardianship is contested and a motion to transfer has been filed, the mandatory language of section 1022.004(a) requires the county judge to transfer the case to the county court at law for resolution of the contested matter. *Lesley*, 664 S.W.2d at

4

439–440 (use of word "shall" indicates Legislature's intent that transfer be mandatory; county judge had no discretion in matter).

However, Virissimo argues that the trial court was not required to act on the motion to transfer until it determined whether the motion was properly before it. Virissimo relies on section 1054.006 of the Estates Code, which provides that a proposed ward may retain alternative counsel to the attorney ad litem "as long as the proposed ward has capacity to contract." TEX. EST. CODE ANN. § 1054.006(a)(2). Virissimo contends that the issue of Ratheal's capacity to contract is a preliminary question that had to be resolved first to determine whether Gentry could represent her and file the motion to transfer.

We are not persuaded by Virissimo's argument. At the time Virissimo raised a challenge to Ratheal's capacity to contract, the county court's duty to transfer the proceeding had already arisen. *See In re Estate of Velvin*, No. 06-12-00062-CV, 2012 Tex. App. LEXIS 6368, at *8 (Tex. App.—Texarkana Aug. 2, 2012, orig. proceeding) (mem. op.) (in probate matter, "[i]f a party requests a transfer from a constitutional county court . . . , that court is without discretion to ignore the party's request."). The county court had a statutory, ministerial duty to transfer the case. We do not read section 1054.006 as authorizing the court to probe beyond the motion to transfer or make further rulings bearing on its effect after the motion was filed.

Virissimo further argues that the complained-of error did not cause the rendition of an improper judgment. Again, we disagree. The error resulted in a final judgment being issued by the incorrect court, circumventing the clearly-expressed mandate to transfer under section 1022.004. *See In re Butler*, No. 09-09-00432-CV, 2009 Tex. App. LEXIS

5

9552, at *7 (Tex. App.—Beaumont Dec. 17, 2009, orig. proceeding) (mem. op.) (per curiam) (conditionally granting mandamus and directing trial court to grant motion to transfer in contested probate case and noting "waste of judicial resources" that would result if county court was permitted to proceed despite mandatory requirement to transfer). Moreover, the trial court's decision denied Gentry the opportunity to present his case on behalf of Ratheal.[3]

In his second issue, Gentry challenges the trial court's determination that Ratheal lacked capacity to retain an attorney without following the requisites of Rule 12 of the Texas Rules of Civil Procedure. In his third issue, he argues that section 1054.006 of the Estates Code is unconstitutional as applied in this case. Because our resolution of the first issue is dispositive of this appeal, we do not reach these issues. TEX. R. APP. P. 47.1.

## APPELLATE ATTORNEY'S FEES

After the parties filed their briefs, Virissimo filed a motion seeking attorney's fees pursuant to Texas Rule of Appellate Procedure 45. See TEX. R. APP. P. 45 (allowing appellate court to award "just damages" if it determines appeal is objectively frivolous). Her motion has been carried with the case. Because we conclude that this appeal is not objectively frivolous, we hereby deny Virissimo's motion.

---

[3] Although the trial court allowed Gentry limited participation in the hearing to determine Ratheal's capacity to contract, the record indicates that Gentry was not involved in the later hearing on the application to convert the temporary guardianship to a permanent guardianship.

## CONCLUSION

We reverse the order of the county court and remand the case for rendition of an order transferring the cause to the county court at law for resolution of the contested matters. We deny Virissimo's motion for an award of appellate attorney's fees.


Judy C. Parker
Justice